**Timothy Eugene YEARY, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–85–287–CR.**

Court of Appeals of Texas, Fort Worth.

Aug. 13, 1987.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Wes Ball, Asst. Dist. Atty., Fort Worth, for State.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

This is an appeal from Timothy Eugene Yeary's conviction for driving while intoxicated in violation of TEX.REV.CIV.STAT. ANN. art. 6701*l*–1 (Vernon Supp.1987). The trial was to a jury which found Yeary guilty and the court sentenced Yeary to three months confinement in the Tarrant County jail and a fine of $500.00.

We affirm.

Yeary was arrested by Officer Bowen of the Fort Worth Police Department, after a wreck on Interstate 30. There were several eyewitnesses to the wreck.

Marian May was traveling on Highway 30 the evening of the wreck. She saw the truck driven by Yeary in her rearview mirror and became concerned because the truck was traveling very close behind another car. May testified that the truck hit her vehicle from behind and thereafter, she heard a loud crash. She proceeded to the next exit of the busy highway and stopped to call the police.

Mark Chandler testified that he was traveling in the opposite direction on I–30. He observed the wreck and saw the tractor-trailer rig coming through the guardrail that separates the east and westbound lanes. Chandler stopped to render aid. When he reached the accident scene, he discovered there was no one in the cab and the windshield to the cab was missing. He found Yeary lying "face down ... resting on a blanket ... with the windshield laying on top of that blanket."

Shortly thereafter, paramedics arrived at the scene. They examined Yeary and testified that he had a strong smell of alcohol on his breath. Subsequently, Officer Bowen arrived, who also detected a strong smell of alcohol. Officer Bowen also testified that Yeary appeared incoherent and

kept asking whether he could get back in his truck and drive.

Yeary was transported by ambulance to John Peter Smith Hospital where he was treated for his injuries. Officer Bowen accompanied Yeary to the hospital and testified that while there, she advised him that he was under arrest for driving while intoxicated and requested that he consent to a blood sampling taken for analysis. Officer Bowen testified that she read both the Miranda rights and warnings under TEX. REV.CIV.STAT.ANN. art. 6701*l*–5 (Vernon Supp.1987).

Yeary gave his consent for the blood sample. The blood sample was taken by a nurse and sent over to the toxicology lab by Officer Bowen for testing. The result of the testing was that the blood alcohol content was 0.18 percent, above the legal limit for intoxication.

Yeary brings four points of error on appeal.

In his first point of error, Yeary contends that the trial court erred in admitting the results of the blood sample because Yeary was not in a condition to be able to give a voluntary and informed consent to the taking of the sample.

At the motion for suppression hearing, both Officer Bowen and Mr. Chandler testified. Chandler testified to the circumstances surrounding the accident and his observation of Yeary. He testified that he did not smell alcohol on Yeary's breath and noted that initially Yeary had been unconscious. Officer Bowen testified that when she arrived, Yeary was in an ambulance and that he was conscious. She testified that she smelled a strong odor of alcohol on Yeary. Further, she testified that when she arrived at the hospital, she gave the Miranda warnings and article 6701*l*–5 warnings to Yeary. She testified that Yeary appeared to understand her, was conscious and aware of what was going on around him. However, she testified that his speech was slurred.

Yeary did not testify at the motion for suppression hearing.

Whether Yeary's consent was voluntary is a question of fact. *Turpin v. State*, 606 S.W.2d 907, 914 (Tex.Crim.App.1980). The trial judge is a fact finder in a hearing on a motion to suppress. *Luckett v. State*, 586 S.W.2d 524, 527 (Tex.Crim.App.1979). As a fact finder, the trial judge may choose to believe or disbelieve any or all of a witness's testimony. *Id.*

■ In this case, Yeary had the opportunity to take the stand and controvert the officer's version of his giving consent to take the blood sample. This information could not subsequently be used against him in a trial on the merits. However, Yeary declined to do so. In the instant case, there is sufficient evidence to support the court's ruling regarding voluntary consent.

Additionally, the legislature amended article 6701*l*–5, effective January 1, 1984. Article 6701 now provides that consent to both a blood test and breath test is now implied in law. However, current law still recognizes a person's right to refuse to give a sample of any kind. However, it was never established that Yeary voiced refusal despite being physically and mentally capable of doing so.

As a result, we overrule Yeary's first point of error.

In his second point of error, Yeary contends that the trial court erred in admitting the results of the blood test, because a proper predicate was not laid and that the proper chain of custody was not established.

At the outset, Yeary complains that the State never established compliance with article 6701*l*–5, section 3(c). Subsection (c) requires that the blood sample must be taken by a "physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse...." The record affirmatively demonstrates that Ms. Reinhardt, the person who drew the blood sample, was a registered nurse.

Secondly, Yeary contends that the chain of custody was not properly established so as to assure reliability.

At trial, Officer Bowen testified that she observed Nurse Reinhardt draw the blood

from Yeary and place it in the vial. The vial was then placed in an envelope and handed to Officer Bowen, who testified that she took the envelope to the police property room and sealed it in an evidence envelope. The evidence envelope with Officer Bowen's initials, was then taken to the property room clerk, who testified that she placed an evidence tape on the envelope containing the invoice number and the date. The clerk then testified that she placed the envelope in a refrigerator in the property room.

The clerk also testified that the sealed envelope was delivered to Billie Shumway, a serologist. Shumway transported the envelope to the crime lab, and assigned it a lab number. The envelope was later released to an investigator who testified he delivered the envelope to the Toxicology Department of the Texas College of Osteopathic Medicine. The envelopes were opened for the first time by Gaylen Payton, who analyzed the blood contained in the vial. After the analysis, the vial was placed back inside the evidence envelope and sealed and not opened until the trial of the cause. Payton identified the vial inside as being the same vial on which he performed the analysis.

■ All of these witnesses except Nurse Reinhardt were presented by the State at trial and were subject to full examination. It is obvious that the chain of custody is complete. The only real objection that Yeary appears to make is that Nurse Reinhardt did not testify at trial. However, Officer Bowen testified to all of Nurse Reinhardt's actions. As a result, this objection goes to the weight rather than to the admissibility of the evidence. *Jones v. State*, 617 S.W.2d 704, 705 (Tex.Crim.App. 1981). Yeary's second point of error is overruled.

In his third and fourth points of error, Yeary questions the sufficiency of the evidence to prove certain elements of the crime of driving while intoxicated. In his third point, Yeary contends that there is insufficient evidence to establish he was actually driving or operating the vehicle. In his fourth point of error, Yeary complains there is insufficient evidence to prove that he was operating his vehicle in a public place.

■ In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia*, 443 U.S. 307, 317–18, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560, 572–73 (1979).

■ There is ample evidence in the record to demonstrate that Yeary was driving the vehicle. At the outset, Chandler testified that he witnessed the wreck and immediately ran to the scene to render assistance. Chandler testified there was no one in the cab of the truck and that Yeary was the only person near the vicinity of the truck. The windshield was missing from the truck and was lying on top of Yeary. Additionally, Chandler testified that Yeary told him he wanted to get back up and drive the tractor-trailer rig. Yeary also indicated that his dog had been in the truck with him. Chandler later did chase down the dog at the accident scene. The record also contains references of various people that Yeary repeatedly wanted to know the condition of his truck and wanted to get back in and drive.

As a result, there is adequate evidence that Yeary was the driver.

There is also adequate evidence that Yeary operated the vehicle in a public place. Article 6701*l*–5, section 3(i)(7), defines "public place" as:

"Public Place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to streets, highways, and the common areas of schools, hospitals,

apartment houses, office buildings, transport facilities and shops.

TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, sec. 3(i)(7) (Vernon Supp.1987).

The record in this case clearly indicates that Yeary was traveling eastbound on Highway 30, a public highway in the State of Texas. As stated above, Chandler testified that he observed the truck strike the guardrail on Highway 30. May testified that she saw the rig going behind her immediately before the accident.

It is well settled that the identification of a highway by name is sufficient to show that a defendant was driving on a public road or highway. *Ginn v. State,* 439 S.W.2d 840, 840 (Tex.Crim.App.1969) (testimony the defendant was driving "on the Gladewater Highway, U.S. 271, east of Tyler" was sufficient); *Goode v. State,* 685 S.W.2d 789, 791 (Tex.App.—Fort Worth 1985, no writ) (testimony the defendant was driving "on Highway 360 northbound," was sufficient).

As a result, there is ample evidence to support Yeary's conviction, and his third and fourth points of error are overruled.

We have overruled all four of Yeary's points of error. As a result, we affirm the judgment of the trial court.