**Ruben Mendez HERNANDEZ, Appellant,**

v.

**The STATE of TEXAS, Appellee.**

**No. 06–98–00284–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 6, 2000.

Decided Jan. 7, 2000.

Henry Whitley, Quitman, for appellant.

Tim Cone, Upshur County Dist. Atty., Angela J. Norton, Asst. Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Ruben Hernandez appeals from his conviction by a jury for driving while intoxicated, third offense. He was sentenced to ten years' imprisonment and a $10,000.00 fine. Hernandez contends on appeal that the evidence is insufficient to support the verdict and that the trial court erred by admitting the videotaped recording of his interview into evidence.

■ In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), and look to see whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 736 (Tex.Crim.App. 1999).

In our review of the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Examples of such a wrong and unjust verdict include instances in which the jury finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Clewis*, 922 S.W.2d at 135. If we find factual insufficiency, we vacate the conviction and remand for a new trial. *Jones*, 944 S.W.2d at 648; *Clewis*, 922 S.W.2d at 133–35.

■ In determining the sufficiency of the evidence, this Court must consider all the evidence, whether properly or improperly admitted. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App.1993); *Beltran v. State*, 728 S.W.2d 382, 389 (Tex. Crim.App.1987). Evidence as to the identity of a perpetrator of an offense can be proved by either direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex.Crim.App.1986).

■ Hernandez contends that the evidence is insufficient because there is no or insufficient evidence to show that he was the driver of the pickup truck. The evidence shows that a pickup truck hit, from behind, a vehicle that was stopped to make a turn. One witness, Stan Gentry, testified that he saw Hernandez walking from the driver's side of the pickup truck to the other vehicle. Stacey Whitfield, the driver of the vehicle struck from behind, testified that Hernandez asked her if she was all right. No witness testified that they saw Hernandez behind the wheel of the pickup truck.

Hernandez did not testify. During his interview by officers, he stated that the pickup truck belonged to him. He also stated repeatedly to officers that he was not the driver and that the real driver had run away. Whitfield testified that she did not see any other individuals in the area and that she saw only Hernandez standing outside the truck immediately after the collision. Gentry testified that he heard the impact, pulled up alongside the passenger's side of the pickup, and saw Hernandez walking alongside the driver's side of the pickup and toward the front, and that Hernandez was the only person he saw.

As noted above, circumstantial evidence will support a verdict. Hernandez was placed by witnesses, immediately after the accident, on the driver's side of a pickup

truck which belonged to him. Although he had stated in the interview that another person was driving the vehicle, he could not identify that person. Hernandez had also informed officers at the scene that another person was driving the truck, and Officer W.D. Kirkley stated that his efforts to locate a third party had been fruitless.

The evidence as summarized above is both factually and legally sufficient to support the verdict. These contentions of error are overruled.

■ Hernandez next contends that the videotape of his intoxication interview made at the jail after his arrest is inadmissible because the statute that formerly authorized such an interview has been repealed, and that the interview was not otherwise admissible because of inadequacies in the constitutional warnings given by the officer who conducted the interview.

The statutory argument is based on the Legislature's repeal in 1995 of a statute originally set out in 1983. The statute—which can only be described as Section 24—was never given an official number by the Legislature [1] and was thus never made a part of the intoxication statute (TEX.REV.CIV. STAT. ANN. art. 6701*l*–1 (repealed)). Section 24 required counties to purchase videotape equipment and visually record persons arrested for driving while intoxicated. Article 6701*l*–1 was repealed in 1995 as part of the transfer of the statutes setting out the offense to the Penal and Transportation Codes.[2] The videotape provision was not transferred to the Penal Code, and thus may still exist. The Houston court, in *Cooper v. State*, 961 S.W.2d 222, 225 n. 2 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd), detailed the history of the statute in a footnote and concluded that since Section 24 had never been made part of the intoxication statute, it was not affected by the repeal of that statute and its transfer to the Penal Code and Transportation Code.

We do not find the existence or nonexistence of that statute controlling. Section 24 did not separately guarantee admission of such a videotape, but required that one be made, and that the State's failure to do so would be admissible at the trial. The question before this Court is whether the videotape was admissible as evidence. A long line of cases have held that the video portions of such recordings are admissible, because such sobriety tests are nontestimonial in character. *See generally Vester v. State*, 916 S.W.2d 708, 712–13 (Tex.App.-Texarkana 1996, no pet.).

Defendants often successfully object to efforts to admit the audio track, and that portion of the tape is often kept from the jury because it contains self-incriminatory statements. *See id.* In the present case, the audio track was played for the jury. Although the officer asked a number of questions that could result in incriminatory statements, in response to those statements Hernandez admitted that he had been drinking, but stated over thirty times on the tape that he was not the person driving the truck. Counsel objected to the admission of the entirety of the videotape.

■ The term "custodial interrogation" can include not only express questioning of a suspect, but also any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response. *Jones v. State*, 795 S.W.2d 171, 174 (Tex. Crim.App.1990), *quoting Rhode Island v. Innis*, 446 U.S. 291, 300–02, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

■■ The questions asked by the officer in this case were intended merely to aid record-keeping procedures in an arrest situation, such as those seeking information regarding name, address, place of em-

---

1. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 24, 1983 Tex. Gen. Laws 1568, 1605.

2. For a complete statutory history, see *Cooper v. State*, 961 S.W.2d 222, 225 n. 2 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd).

ployment, and the like, and do not fall within this definition of custodial "interrogation." *See Jones,* 795 S.W.2d at 174. Likewise, a suspect's decision to take or refuse a breath test and the question prompting that decision do not constitute custodial interrogation, nor do they involve the constitutional privilege against self-incrimination. *McCambridge v. State,* 712 S.W.2d 499, 506 (Tex.Crim.App. 1986). Sobriety tests, such as those aimed at revealing impaired physical coordination, memory, or speech, are also not custodial interrogation when the tests do not call for potentially incriminating, testimonial responses. *Jones,* 795 S.W.2d at 175–76; *Branch v. State,* 932 S.W.2d 577, 580 (Tex.App.-Tyler 1995, no pet.).

Hernandez contends on appeal that the audio portion of the tape was inadmissible because the officer questioning him went beyond record-keeping information and asked a number of other questions amounting to custodial interrogation, without properly warning Hernandez of his rights. After asking him about the matters involved with his physical tests for intoxication, the officer then went on to ask Hernandez what he had been drinking, whose pickup it was, was he driving it, had he been smoking marihuana, and whether he had been smoking crack cocaine.

Before asking the questions that constitute custodial interrogation, the officer asked Hernandez if he understood that he had the right to remain silent and that anything he said could be used against him in a court of law, if he understood that if he could not afford a lawyer the courts would appoint one for him, and that those rights are continuous. Hernandez answered affirmatively to each question.

TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp.2000) sets out a list of matters about which a defendant must be informed before a recording of custodial interrogation may be admitted.

Hernandez was adequately informed of his rights as to the matters set out above. We recognize that the officer had considerable difficulty communicating with Hernandez in English, and spoke to him in simple and clear language in an effort to determine if he understood the things being explained. The officer did not, however, inform Hernandez of his right to terminate the interview.

■ Hernandez now contends that because the requirements of Article 38.22 were not met, the trial court erred by admitting the audio portion of the tape and the incriminating statements contained therein. Although the discussion of his trial objection covers several different aspects of the tape's admissibility, counsel focuses his argument to some degree on the officer's failure to provide the necessary warnings before entering into custodial questioning, as would necessarily be shown by the audio portion of the tape.

Although the courts hold that substantial compliance is sufficient to meet the requirements of Article 38.22,[3] in the present case we cannot say that the complete omission of a critical warning—that the accused had the right to terminate the interview at any time—qualifies as substantial compliance. Thus, the trial court erred by admitting the audio portion of the tape containing custodial interrogation. The remaining question is whether this error is reversible.

■ We first determine whether the error is "constitutional." *See* TEX.R.APP. P. 44.2(a). In the present case, although Article 38.22 is statutory, the protections therein are meant to implement the broader constitutional protection against involuntary or coerced confessions and are thus of constitutional dimension. *Brown v. State,* 960 S.W.2d 265, 271 (Tex.App.-Corpus Christi 1997, no pet.); *see Arizona v. Fulminante,* 499 U.S. 279, 306–13, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

---

3. *Clark v. State,* 627 S.W.2d 693, 701 (Tex. Crim.App.1981); *see Penry v. State,* 691 S.W.2d 636 (Tex.Crim.App.1985); *Hardesty v. State,* 667 S.W.2d 130 (Tex.Crim.App.1984).

Rule 44.2(a) provides that error in the admission of evidence does not require reversal if the reviewing court determines beyond a reasonable doubt that admission of the evidence did not contribute to the conviction or punishment. *See Chapman v. California,* 386 U.S. 18, 21–25, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Brown,* 960 S.W.2d at 271.

In the present case, Hernandez admitted on the videotape that he had been drinking beer before the arrest. In response to the officer's questions asking him if he had committed other acts that would have been unlawful, he answered no. Hernandez admitted that he owned the truck. He vehemently and repeatedly denied driving the truck when the accident occurred. At trial, Hernandez did not take the position that he was not intoxicated at the time of the accident, but that although intoxicated, he was not the driver. The great majority of the audio from the arrest supports his only defensive theory.

It is true that Hernandez' admission on the videotape that the vehicle belonged to him is the only evidence of this incriminating fact. However, we find that the testimonies of Whitfield and Gentry sufficiently connected him in time and place to this vehicle, and that the jury could infer that he was the driver.

Accordingly, we conclude beyond a reasonable doubt that, although error has been shown, the error did not contribute either to the conviction or to the punishment. This contention of error is overruled.

The judgment is affirmed.