COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-116-CR
 
 
TIMOTHY 
B. CLAIBORNE                                                        APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Timothy B. Claiborne appeals from his conviction by a jury for the offense of 
driving while intoxicated (DWI). In two points, appellant argues that the trial 
court erred by overruling appellant’s motion for a directed verdict and that 
the evidence was factually insufficient to sustain his conviction. We affirm.
II. Background Facts
        On 
the evening of September 6, 2001, while driving on Highway 183, Joseph 
Virthaicel saw a late-model Mercedes Benz driving erratically. According to 
Virthaicel, the Mercedes actually struck another car but did not stop. Although 
Virthaicel was able to follow the Mercedes long enough to get its license plate 
number, he was unable to determine who was driving. Virthaicel called 911 to 
report the incident and the license plate number of the Mercedes.
        The 
same evening, Robert Cornish was driving south on Loop 820 when he saw a 
tan-colored Mercedes driving erratically. Cornish was able to see the driver 
just well enough to determine that he was a white male. Cornish saw the Mercedes 
exit the freeway and turn into a shopping center. Cornish took the next exit and 
drove back toward the shopping center to try and identify the car. In the 
shopping center parking lot, Cornish found a car that looked like the one he saw 
on the road and saw appellant walking away from the driver’s side. Cornish 
then told Fort Worth Police Officers Greg Jones and Robert Cambell, who were 
leaving a nearby restaurant, what happened. At trial, Cornish identified 
appellant as the person he saw walking away from the Mercedes.
        The 
officers began walking toward appellant, who, according to Officer Jones, was 
standing in front of a business talking on his cell phone and peering at the 
officers from behind a pillar. Appellant then began walking away from the 
officers. Officer Jones called out to appellant, but appellant did not respond 
and began to walk faster. The officers lost sight of appellant when he turned a 
corner.
        The 
officers found appellant standing in the checkout line of a nearby grocery 
store. Appellant said he was there to buy a chicken. However, appellant had 
nothing in his hands. The officers asked appellant to step outside and show them 
where his car was. Appellant led the officers to the tan-colored Mercedes 
identified by Cornish. The license plate number on the Mercedes matched the 
number reported earlier by Virthaicel. The officers arrested appellant after he 
failed several sobriety tests. Appellant pled not guilty to the charge of DWI. A 
jury found appellant guilty of DWI, and the trial court assessed his punishment 
at 180 days’ confinement, probated for two years, and a $1000 fine.
III. Analysis
        In 
his first point, appellant argues that the trial court erred by overruling his 
motion for directed verdict. In his second point, appellant argues that the 
evidence is factually insufficient to support his conviction. In both of his 
points, appellant specifically contends that the evidence is insufficient to 
prove that he drove the Mercedes on September 6, 2001.
        As 
appellant notes, “[w]e treat a point of error complaining about a trial 
court’s failure to grant a motion for directed verdict as a challenge to the 
legal sufficiency of the evidence.” Williams v. State, 937 S.W.2d 479, 
482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence 
to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have 
found the essential elements of the crime beyond a reasonable doubt. Jackson 
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. 
State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence. See Tex. 
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State, 
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal 
sufficiency review, we may not re-evaluate the weight and credibility of the 
evidence and substitute our judgment for that of the fact finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000). We must resolve any inconsistencies in the evidence in favor 
of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000). The standard of review is the same for direct and circumstantial evidence 
cases. Burden v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner 
v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484. There are two ways 
evidence may be factually insufficient: (1) the evidence supporting the verdict 
or judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt. Id. at 484-85. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. at 485. 
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id. Further, a factual sufficiency review of 
circumstantial evidence is the same as a review of direct evidence. King v. 
State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); Kutzner, 994 S.W.2d 
at 184.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Zuniga, 144 S.W.3d at 481; Cain v. State, 
958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment 
for that of the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        A 
person commits the offense of DWI if the person “is intoxicated while 
operating a motor vehicle in a public place.” Tex. Penal Code Ann. § 49.04(a) (Vernon 
2003). Further, the identity of the person operating the motor vehicle can be 
proved by either direct or circumstantial evidence. See Kerr v. State, 
921 S.W.2d 498, 501 (Tex. App.—Fort Worth 1996, no pet.); Yeary v. State, 
734 S.W.2d 766, 769 (Tex. App.—Fort Worth 1987, no pet.); Hernandez v. 
State, 13 S.W.3d 78, 80-81 (Tex. App.—Texarkana 2000, no pet.). In Hernandez, 
the defendant’s pickup struck a car from behind. Hernandez, 13 S.W.3d 
at 80. A witness heard the impact and saw the defendant walking beside the 
driver’s side of the pickup immediately afterward. Id. Further, the 
driver of the car testified that after her car was hit, the defendant asked her 
if she was all right. Id. Although no witnesses actually saw the 
defendant behind the wheel, the Texarkana Court of Appeals held that the 
evidence was factually and legally sufficient to support the defendant’s 
conviction for DWI. Id. at 80-81.
        The 
facts in the present case are similar to those in Hernandez. Here, 
witnesses saw appellant’s car being driven erratically. One witness saw 
appellant walking away from the driver’s side door minutes after he saw the 
car being driven. Additionally, appellant walked away from police officers and 
into a grocery store after the police called out to him. After the officers 
found appellant, he led them to the car that witnesses had seen driving 
erratically.
        We 
conclude that any rational trier of fact could have found beyond a reasonable 
doubt that appellant drove the Mercedes on September 6, 2001. Therefore, the 
trial court did not err by overruling appellant’s motion for directed verdict. 
Moreover, viewing the evidence in a neutral light, we conclude that jury was 
rationally justified in finding beyond a reasonable doubt that appellant drove 
the Mercedes on September 6, 2001. We overrule appellant’s first and second 
points
V. Conclusion
        Having 
overruled appellant’s points, we affirm the trial court’s judgment.
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 29, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.