CLAIBORNE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-116-CR

TIMOTHY B. CLAIBORNE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Timothy B. Claiborne appeals from his conviction by a jury for the offense of driving while intoxicated (DWI).  In two points, appellant argues that the trial court erred by overruling appellant’s motion for a directed verdict and that the evidence was factually insufficient to sustain his conviction.  We affirm.

II. Background Facts

On the evening of September 6, 2001, while driving on Highway 183,  Joseph Virthaicel saw a late-model Mercedes Benz driving erratically.  According to Virthaicel, the Mercedes actually struck another car but did not stop.  Although Virthaicel was able to follow the Mercedes long enough to get its license plate number, he was unable to determine who was driving.  Virthaicel called 911 to report the incident and the license plate number of the Mercedes. 

The same evening, Robert Cornish was driving south on Loop 820 when he  saw a tan-colored Mercedes driving erratically.  Cornish was able to see the driver just well enough to determine that he was a white male.  Cornish saw the Mercedes exit the freeway and turn into a shopping center.  Cornish took the next exit and drove back toward the shopping center to try and identify the car.  In the shopping center parking lot, Cornish found a car that looked like the one he saw on the road and saw appellant walking away from the driver’s side.  Cornish then told Fort Worth Police Officers Greg Jones and Robert Cambell, who were leaving a nearby restaurant, what happened.  At trial, Cornish  identified appellant as the person he saw walking away from the Mercedes.  

The officers began walking toward appellant, who, according to Officer Jones, was standing in front of a business talking on his cell phone and peering at the officers from behind a pillar.  Appellant then began walking away from the officers.  Officer Jones called out to appellant, but appellant did not respond and began to walk faster.  The officers lost sight of appellant when he turned a corner. 

The officers found appellant standing in the checkout line of a nearby grocery store.  Appellant said he was there to buy a chicken.  However, appellant had nothing in his hands.  The officers asked appellant to step outside and show them where his car was.  Appellant led the officers to the tan-colored Mercedes identified by Cornish.  The license plate number on the Mercedes matched the number reported earlier by Virthaicel.  The officers arrested appellant after he failed several sobriety tests.  Appellant pled not guilty to the charge of DWI.  A jury found appellant guilty of DWI, and the trial court assessed his punishment at 180 days’ confinement, probated for two years, and a $1000 fine. 

III. Analysis

In his first point, appellant argues that the trial court erred by overruling his motion for directed verdict.  In his second point, appellant argues that the evidence is factually insufficient to support his conviction.  In both of his points, appellant specifically contends that the evidence is insufficient to prove that he drove the Mercedes on September 6, 2001.

As appellant notes, “[w]e treat a point of error complaining about a trial court’s failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence.”   
Williams v. State
, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable 
to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
 The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).  

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.  Further, a factual sufficiency review of circumstantial evidence is the same as a review of direct evidence.  
King v. State
, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); 
Kutzner
, 994 S.W.2d at 184.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Zuniga, 
144 S.W.3d at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.    

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
 

    A person commits the offense of DWI if the person “is intoxicated while operating a motor vehicle in a public place.”  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  Further, the identity of the person operating the motor vehicle can be proved by either direct or circumstantial evidence.  
See Kerr v. State
, 921 S.W.2d 498, 501 (Tex. App.སྭFort Worth 1996, no pet.); 
Yeary v. State
, 734 S.W.2d 766, 769 (Tex. App.སྭFort Worth 1987, no pet.); 
Hernandez v. State
, 13 S.W.3d 78, 80-81 (Tex. App.སྭTexarkana 2000, no pet.). In 
Hernandez
, the defendant’s pickup struck a car from behind.   
Hernandez
, 13 S.W.3d at 80.  A witness heard the impact and saw the defendant walking beside the driver’s side of the pickup immediately afterward.  
Id
.  Further, the driver of the car testified that after her car was hit, the defendant asked her if she was all right.  
Id
.  Although no witnesses actually saw the defendant behind the wheel, the Texarkana Court of Appeals held that the evidence was factually and legally sufficient to support the defendant’s conviction for DWI.  
Id
. at 80-81.  

The facts in the present case are similar to those in 
Hernandez
.  Here, witnesses saw appellant’s car being driven erratically.  One witness saw appellant walking away from the driver’s side door minutes after he saw the car being driven.  Additionally, appellant walked away from police officers and into a grocery store after the police called out to him.  After the officers found appellant, he led them to the car that witnesses had seen driving erratically. We conclude that 
any rational trier of fact could have found beyond a reasonable doubt that appellant drove the Mercedes on September 6, 2001.  Therefore, the trial court did not err by overruling appellant’s motion for directed verdict. 
 Moreover, viewing the evidence in a neutral light, we conclude that jury was rationally justified in finding beyond a reasonable doubt that appellant drove the Mercedes on September 6, 2001.  We overrule appellant’s first and second points.       

V. Conclusion

Having overruled appellant’s points, we affirm the trial court’s judgment.   

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.