IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00069-CR

 

Shawn Gerriod Lewis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 0612259 CR

 



MEMORANDUM  Opinion



 








            A jury convicted Shawn Gerriod Lewis
of driving with a suspended license.  The trial court sentenced Lewis to 365
days in jail and a $1,000 fine, suspended imposition of sentence for one year,
and placed him on community supervision.  In two issues, Lewis contends that
the evidence is legally and factually insufficient to support his conviction. 
We affirm.

 

 

STANDARDS OF REVIEW

Under legal sufficiency review, we determine whether, after
viewing all the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Curry
v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000) (citing Jackson
v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). 
We do not resolve any conflict of fact or assign credibility to the witnesses,
as this was the function of the trier of fact.  See Dewberry
v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999); see also Adelman
v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson
v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991).  Inconsistencies in the
evidence are resolved in favor of the verdict.  Curry, 30 S.W.3d at 406; Matson, 819 S.W.2d at 843.

Under factual sufficiency review, we ask whether a
neutral review of all the evidence demonstrates that the proof of guilt is so
weak or that conflicting evidence is so strong as to render the jury’s verdict
clearly wrong and manifestly unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  We review the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it with the
evidence that tends to disprove that fact.  Johnson, 23 S.W.3d at 7.  We
do not indulge in inferences or confine our view to evidence favoring one
side.  Rather, we look at all the evidence on both sides and then make a
predominantly intuitive judgment.  Id.

 

 

ANALYSIS

            In two issues, Lewis challenges the legal and factual sufficiency
of the evidence to support his conviction, arguing that he was not operating
a motor vehicle on a highway while his license was under suspension.  See Tex.
Transp. Code Ann. § 521.457(a)(2) (Vernon 2007).

            Trooper Anthony Davis observed Lewis’s
vehicle parked in a lane of traffic with the hazard lights turned on.  Davis stopped to conduct a “welfare check.”  Lewis was seated in the driver’s seat and a
passenger was seated in the front passenger seat.  Lewis exited the driver side
of the vehicle and walked towards Davis’s patrol car.  Lewis told Davis that another vehicle was following him and that he had pulled over when they became
separated at a traffic light.  Lewis provided his driver’s license.  Dispatch
informed Davis that Lewis’s license had been suspended.  Davis arrested Lewis.      

Davis did not
see who drove the vehicle to its parked position and could not recall whether
he specifically asked Lewis if he had been driving the vehicle.  He had not
asked and did not know how long the vehicle had been parked prior to his
arrival as the scene.  Neither Lewis’s passenger nor the occupants of the other
vehicle informed Davis that Lewis had been driving.  Davis was certain that
Lewis said he was operating the vehicle.  He would not have arrested Lewis had
Lewis not admitted driving the vehicle or had he not believed that Lewis was
driving.  Davis recorded the stop, but the copy of the video was blank, and the
original had been erased.

Michael Lewis, Lewis’s brother, testified that he,
Lewis, and two other individuals were driving from Dallas to Red Oak for a paint
job.  Michael, who did not know how to get to the job site, was following Lewis
in another vehicle.  According to Michael, someone named Erik was driving
Lewis’s vehicle, and Lewis was the passenger.  At some point, Michael was
caught by a traffic light.  Lewis called Michael on the cell phone and complained
about having stereo problems.  Michael initially testified that Lewis pulled
over, but corrected himself, stating that Lewis instructed Erik to pull over to
check the stereo, probably because Michael got caught by the traffic light.  Michael
pulled into a parking lot after catching up with Lewis.  He observed Lewis leaning
into the driver side of the vehicle and adjusting the stereo.  Michael
testified that Lewis was parked in the median, not the roadway.  Michael did not
know Erik’s whereabouts and had not spoken to him about the case since Lewis’s
arrest.

Lewis testified that he had a paint job earlier
that day and was traveling to Red Oak for a moving job.  Lewis did not know how
to get to the job site, so he was following another vehicle being driven by the
woman whose things he was moving.  He had asked Erik to drive.  They pulled
over because Michael was “lagging behind.”  Lewis testified that he “pulled
over as far as I could to get out of the line of traffic.”  He then began
“fumbling” with the stereo.  After Davis arrived, he never asked Lewis if he
had been driving the vehicle.  Lewis believed that Davis presumed that he had
been driving because he owned the vehicle.  Lewis denied driving the vehicle.  Lewis
testified that Erik was afraid of going to jail and so did not tell Davis that he had been driving.  According to Lewis, Erik was in rehab at the time of
trial.

            Lewis contends that Davis never actually
saw Lewis operating the vehicle.  He argues that Davis’s testimony that he
“believed” Lewis said he had been driving and that Lewis must have confessed to
operating the vehicle or Davis would not have arrested him is insufficient to
establish Lewis’s guilt.  We disagree.  Davis saw Lewis sitting in the driver’s
seat, saw Lewis exit the driver side door, and was certain that Lewis said he
had been driving.  See Hernandez v. State, 13 S.W.3d 78, 80-81 (Tex. App.—Texarkana 2000,
no pet.) (in DWI case, evidence that defendant was seen walking away from the driver side of a vehicle that
he owned was legally and factually sufficient to establish that he was operating
a motor vehicle, even though he denied driving the vehicle, claimed the real
driver fled the scene, and was not placed behind the wheel).

As the sole judge of the weight and credibility of witness testimony,
the jury was entitled to disbelieve Lewis’s contrary testimony and to resolve
any inconsistencies in the evidence.  See Wyatt
v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  Accordingly, the jury
could reasonably conclude, beyond a reasonable doubt, that Lewis committed the
offense of driving with a suspended license.  See Curry, 30 S.W.3d at 406. 
The proof of guilt is not so weak nor the conflicting evidence so strong
as to render the jury’s verdict clearly wrong and manifestly unjust.  See
Watson, 204 S.W.3d at 414-15;
see also Johnson, 23 S.W.3d at 11. 
Because the evidence is legally and factually sufficient to support Lewis’s
conviction for driving with a suspended license, we overrule his two issues and
affirm the trial court’s judgment.

 

     

FELIPE REYNA

Justice




Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed April 2, 2008

Do not publish

[CR25]