COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-079-CR

 

 

JAMES A. FREEMAN                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

James A. Freeman appeals his conviction for
driving while intoxicated.  In a single
issue, he argues that the evidence is legally and factually insufficient to
prove that he operated a motor vehicle. 
We affirm.








                                            Background

Lewisville Police Office Chris Clements testified
that he was dispatched in response to a call about a single-car accident on
Hebron Parkway.  When he got close to the
accident location, he saw Appellant Astumbling@ down
the parkway median.  Officer Clements
testified that Appellant was bleeding from his chin.  He said that when he asked Appellant why he
was bleeding, AHe told [Officer Clements] that
he was in aCthat he had just crashed his
vehicle.@[2]  Officer Clements called for an
ambulance.  He said that while he and
Appellant waited for the ambulance, he again asked Appellant what had happened,
and Appellant said he Awas in a motor vehicle accident.@  Officer Clements further testified as
follows:

Q.  Did you ask the defendant if he had been
driving?

 

A.  I don=t know if I phrased it in that manner.

 

Q.  Did the defendant tell you he had been
driving?

 

A.  He told me he was in his vehicle and crashed
down the road.

 








Officer Clements said that he saw no other person walking in the area
where he encountered Appellant. 
Appellant did not mention that anyone else had been involved in the
accident, and A[h]e just said he was in a carCthat he
wrecked his car down the road.@  Appellant told Officer Clements that he owned
the car in question.  Officer Clements
also testified that Appellant told him that he had consumed eleven beers at
home that night and that he was Acoming
from his house in Carrollton and going to the 7-[11] in Lewisville.@

When the ambulance arrived, it transported
Appellant to a hospital, and Officer Clements rode along with him.  He later administered sobriety tests to
Appellant, determined that Appellant was intoxicated, and arrested him for
DWI.  Appellant does not challenge the
sufficiency of the evidence to prove intoxication, so we will not detail that
evidence.








On cross-examination, Officer Clements testified
that he did not see Appellant driving the car, that he first encountered
Appellant about a quarter-mile from the scene of the accident, and that
Appellant did not actually state, AI was
driving,@ but
only, AI=ve been
in an accident.@ 
He said that he never asked Appellant if someone else was driving or
whether anyone else was in the car with him. 
Officer Clements testified that both air bags had deployed in the
wrecked vehicle, and he agreed that some vehicles have a safety mechanism that
will prevent the passenger-side air bag from deploying unless someone weighing
over forty pounds is sitting in the seat. 
He did not check to see whether Appellant=s car
was such a vehicle.  He said that there
was blood on the driver=s side air bag but not on the
passenger=s side air bag.  Officer Clements did not check the vehicle=s
steering wheel or gear shifter for fingerprints.  He testified that when he specifically asked
Appellant if he had been operating a vehicle, Appellant said, ANo.@

Officer Jeff Persinger testified that he, too,
responded to the disabled-vehicle call. 
After stopping briefly to assist Officer Clements with Appellant, he
drove on to the scene of the crash. 
Apart from the driver of another vehicle, who was waiting for police to
arrive, he saw no other person at the scene, and the other driver told him that
no one was around when she had arrived. 
Officer Persinger testified that there was blood on the driver=s side
air bag but not on the passenger=s side
and that only the driver=s door was unlocked.  On cross-examination, he said that he could
not rule out the possibility that someone besides Appellant was in the car.








The trial court admitted into evidence the in-car
videos from Officers Clements=s and
Persinger=s vehicles, and we have reviewed
the videos.  Officer Clement=s video
depicts only part of his encounter with Appellant (the camera was pointed the
wrong way for the first few minutes of the encounter), but the audio portion of
the video captured sound from the entire encounter up to the point where paramedics
loaded Appellant into the ambulance.  The
volume of Appellant=s voice on the recording is low
compared to that of Officer Clements=s voice
and other sounds, but it is audible and intelligible when played back with
sufficient amplification.  At one point,
Officer Clements asked Appellant,

[Clements:] Did you drink
anything when you were walking down the side of the road?

 

[Appellant:]
No.

 

[Clements:]
So you haven=t had anything since you
were driving?

 

[Appellant:]
No.

 

[Clements:]
Okay. 

 

As Officer Clements testified, Appellant never said that he was
operating a motor vehicle; he merely said that he Awas in a
crash@ or
accident.

                                             Discussion

Appellant argues that the evidence is legally and
factually insufficient to prove beyond a reasonable doubt that he operated a
motor vehicle because he did not make an extrajudicial admission as to
operating a vehicle and there is no direct or circumstantial evidence to prove
that he was operating a vehicle.








When reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007). 
When reviewing the factual sufficiency of the evidence to support a
conviction, we view all the evidence in a neutral light, favoring neither
party.  Neal v. State, 256 S.W.3d
264, 275 (Tex. Crim. App. 2008); Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006).  We then ask
whether the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.








Evidence can be both legally and factually
sufficient to support a conviction even if it is entirely circumstantial.  See King v. State, 29 S.W.3d 556, 565
(Tex. Crim. App. 2000).  The standard of
review for cases based on circumstantial evidence is the same as the standard
for reviewing cases with direct evidence. 
Laster v. State, No. PD-1276-07, 2009 WL 80226, at *4 (Tex. Crim.
App. Jan. 14, 2009); King, 29 S.W.3d at 565.  In cases based on circumstantial evidence, it
is not required that all facts point to a defendant=s guilt;
it is sufficient if the combined and cumulative force of all of the
incriminating circumstances warrants the conclusion of guilt.  See Courson v. State, 160 S.W.3d 125,
128 (Tex. App.CFort Worth 2005, no pet.)
(citing Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (en
banc), cert. denied, 511 U.S. 1046 (1994)).

A person commits the offense of driving while
intoxicated if the person operates a motor vehicle in a public place without
the normal use of mental or physical faculties due to the introduction of
alcohol or other substances into the body. 
Tex. Penal Code Ann. '' 49.01(2)(A),
49.04(a) (Vernon 2003).  The corpus
delicti of driving while intoxicated is that someone drove or operated a motor
vehicle in a public place while intoxicated. 
Threet v. State, 157 Tex. Crim. 497, 498, 250 S.W.2d 200, 200
(1952).








Neither an extrajudicial confession nor direct
evidence is required to prove that a DWI defendant was operating a vehicle; the
State may prove the identity of a vehicle=s driver
by circumstantial evidence.  Hernandez
v. State, 13 S.W.3d 78, 80 (Tex. App.CTexarkana
2000, no pet.) (holding circumstantial evidence sufficient to prove defendant
was driving vehicle when defendant was the only person walking near wrecked
vehicle despite defendant=s assertion to investigating
officers that he was not the driver and that the driver had run away); Yeary
v. State, 734 S.W.2d 766, 769 (Tex. App.CFort
Worth 1987, no pet.) (holding circumstantial evidence sufficient to show
defendant was driving vehicle when defendant was the only person in the
vicinity of wrecked vehicle and vehicle=s
windshield was laying on defendant=s body).

In this case, there is ample circumstantial
evidence to prove beyond a reasonable doubt that Appellant was driving the
wrecked vehicle.  He was the only person
found walking in the vicinity.  The
vehicle belonged to him.  He told the
police that he had just been in an accident. 
He was bleeding, and though both of the vehicle=s front
air bags had deployed, there was blood on the driver=s-side
air bag alone.  Only the driver=s door
was unlocked.  Viewed in the light most
favorable to the prosecution, we hold that the evidence is legally sufficient
to support the jury=s determination that Appellant
was driving.  See Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  Viewing the evidence in a neutral light, and
considering Appellant=s statement to Officer Clements
that he had not been driving, we cannot say that the evidence is so weak that
the jury=s
determination that Appellant was driving is clearly wrong and manifestly unjust
or that the conflicting evidence so greatly outweighs the evidence supporting
the verdict that the jury=s determination is manifestly
unjust.  See Lancon, 253 S.W.3d at
704; Watson, 204 S.W.3d at 414B15,
417.  We therefore overrule Appellant=s sole
issue.








                                             Conclusion

Having overruled Appellant=s sole
issue, we affirm the trial court=s
judgment.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]Officer Clements=s testimony that
Appellant said he had Acrashed his vehicle@ and Awrecked his car@ is contrary to Appellant=s actual statements as
recorded by the audio track of Officer Clement=s in-car video, on which
Appellant says, AI was in an accident.@