

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-079-CR

JAMES A. FREEMAN                                         APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

James A. Freeman appeals his conviction for driving while intoxicated. In a single issue, he argues that the evidence is legally and factually insufficient to prove that he operated a motor vehicle. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

Lewisville Police Office Chris Clements testified that he was dispatched in response to a call about a single-car accident on Hebron Parkway. When he got close to the accident location, he saw Appellant "stumbling" down the parkway median. Officer Clements testified that Appellant was bleeding from his chin. He said that when he asked Appellant why he was bleeding, "He told [Officer Clements] that he was in a—that he had just crashed his vehicle."[2] Officer Clements called for an ambulance. He said that while he and Appellant waited for the ambulance, he again asked Appellant what had happened, and Appellant said he "was in a motor vehicle accident." Officer Clements further testified as follows:

Q. Did you ask the defendant if he had been driving?

A. I don't know if I phrased it in that manner.

Q. Did the defendant tell you he had been driving?

A. He told me he was in his vehicle and crashed down the road.

Officer Clements said that he saw no other person walking in the area where he encountered Appellant. Appellant did not mention that anyone else had

---

[2] Officer Clements's testimony that Appellant said he had "crashed his vehicle" and "wrecked his car" is contrary to Appellant's actual statements as recorded by the audio track of Officer Clement's in-car video, on which Appellant says, "I was in an accident."

been involved in the accident, and "[h]e just said he was in a car—that he wrecked his car down the road." Appellant told Officer Clements that he owned the car in question. Officer Clements also testified that Appellant told him that he had consumed eleven beers at home that night and that he was "coming from his house in Carrollton and going to the 7-[11] in Lewisville."

When the ambulance arrived, it transported Appellant to a hospital, and Officer Clements rode along with him. He later administered sobriety tests to Appellant, determined that Appellant was intoxicated, and arrested him for DWI. Appellant does not challenge the sufficiency of the evidence to prove intoxication, so we will not detail that evidence.

On cross-examination, Officer Clements testified that he did not see Appellant driving the car, that he first encountered Appellant about a quarter-mile from the scene of the accident, and that Appellant did not actually state, "I was driving," but only, "I've been in an accident." He said that he never asked Appellant if someone else was driving or whether anyone else was in the car with him. Officer Clements testified that both air bags had deployed in the wrecked vehicle, and he agreed that some vehicles have a safety mechanism that will prevent the passenger-side air bag from deploying unless someone weighing over forty pounds is sitting in the seat. He did not check to see whether Appellant's car was such a vehicle. He said that there was blood on

the driver's side air bag but not on the passenger's side air bag. Officer Clements did not check the vehicle's steering wheel or gear shifter for fingerprints. He testified that when he specifically asked Appellant if he had been operating a vehicle, Appellant said, "No."

Officer Jeff Persinger testified that he, too, responded to the disabled-vehicle call. After stopping briefly to assist Officer Clements with Appellant, he drove on to the scene of the crash. Apart from the driver of another vehicle, who was waiting for police to arrive, he saw no other person at the scene, and the other driver told him that no one was around when she had arrived. Officer Persinger testified that there was blood on the driver's side air bag but not on the passenger's side and that only the driver's door was unlocked. On cross-examination, he said that he could not rule out the possibility that someone besides Appellant was in the car.

The trial court admitted into evidence the in-car videos from Officers Clements's and Persinger's vehicles, and we have reviewed the videos. Officer Clement's video depicts only part of his encounter with Appellant (the camera was pointed the wrong way for the first few minutes of the encounter), but the audio portion of the video captured sound from the entire encounter up to the point where paramedics loaded Appellant into the ambulance. The volume of Appellant's voice on the recording is low compared to that of Officer

4

Clements's voice and other sounds, but it is audible and intelligible when played back with sufficient amplification. At one point, Officer Clements asked Appellant,

> [Clements:] Did you drink anything when you were walking down the side of the road?
>
> [Appellant:] No.
>
> [Clements:] So you haven't had anything since you were driving?
>
> [Appellant:] No.
>
> [Clements:] Okay.

As Officer Clements testified, Appellant never said that he was operating a motor vehicle; he merely said that he "was in a crash" or accident.

**Discussion**

Appellant argues that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he operated a motor vehicle because he did not make an extrajudicial admission as to operating a vehicle and there is no direct or circumstantial evidence to prove that he was operating a vehicle.

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*

5

*v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

Evidence can be both legally and factually sufficient to support a conviction even if it is entirely circumstantial. *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). The standard of review for cases based on circumstantial evidence is the same as the standard for reviewing cases with direct evidence. *Laster v. State*, No. PD-1276-07, 2009 WL 80226, at *4 (Tex. Crim. App. Jan. 14, 2009); *King*, 29 S.W.3d at 565. In cases based on circumstantial evidence, it is not required that all facts point to a defendant's guilt; it is sufficient if the combined and cumulative force of all of the incriminating circumstances warrants the conclusion of guilt. *See Courson v.*

6

*State*, 160 S.W.3d 125, 128 (Tex. App.—Fort Worth 2005, no pet.) (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (en banc), *cert. denied*, 511 U.S. 1046 (1994)).

A person commits the offense of driving while intoxicated if the person operates a motor vehicle in a public place without the normal use of mental or physical faculties due to the introduction of alcohol or other substances into the body.  Tex. Penal Code Ann. §§ 49.01(2)(A), 49.04(a) (Vernon 2003).  The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated.  *Threet v. State*, 157 Tex. Crim. 497, 498, 250 S.W.2d 200, 200 (1952).

Neither an extrajudicial confession nor direct evidence is required to prove that a DWI defendant was operating a vehicle; the State may prove the identity of a vehicle's driver by circumstantial evidence.  *Hernandez v. State*, 13 S.W.3d 78, 80 (Tex. App.—Texarkana 2000, no pet.) (holding circumstantial evidence sufficient to prove defendant was driving vehicle when defendant was the only person walking near wrecked vehicle despite defendant's assertion to investigating officers that he was not the driver and that the driver had run away); *Yeary v. State*, 734 S.W.2d 766, 769 (Tex. App.—Fort Worth 1987, no pet.) (holding circumstantial evidence sufficient to show defendant was

driving vehicle when defendant was the only person in the vicinity of wrecked vehicle and vehicle's windshield was laying on defendant's body).

In this case, there is ample circumstantial evidence to prove beyond a reasonable doubt that Appellant was driving the wrecked vehicle. He was the only person found walking in the vicinity. The vehicle belonged to him. He told the police that he had just been in an accident. He was bleeding, and though both of the vehicle's front air bags had deployed, there was blood on the driver's-side air bag alone. Only the driver's door was unlocked. Viewed in the light most favorable to the prosecution, we hold that the evidence is legally sufficient to support the jury's determination that Appellant was driving. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. Viewing the evidence in a neutral light, and considering Appellant's statement to Officer Clements that he had not been driving, we cannot say that the evidence is so weak that the jury's determination that Appellant was driving is clearly wrong and manifestly unjust or that the conflicting evidence so greatly outweighs the evidence supporting the verdict that the jury's determination is manifestly unjust. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. We therefore overrule Appellant's sole issue.

**Conclusion**

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

                                               ANNE GARDNER
                                               JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 2009

9