COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-08-283-CR

 

 

ROBERT LEE WARD                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Robert
Lee Ward appeals his conviction for driving while intoxicated.  In two points, he argues the evidence is
legally and factually insufficient to prove he operated a motor vehicle.[2]  We affirm.








II. 
Factual and Procedural Background

Appellant
was charged with driving while intoxicated, a class B misdemeanor.  See Tex. Penal Code Ann. ' 49.04
(Vernon 2003). Appellant pled not guilty, and the trial court conducted a bench
trial on August 20, 2008. 

Arlington
Police Officer Phillip Hinkle testified he received a dispatch at 3:07 a.m. on
March 11, 2007.  Officer Hinkle testified
over Appellant=s hearsay objection that the
9-1-1 caller said a white SUV hit a tree and a pole on Harris Road and that the
driver was wearing a blue-striped shirt. 
Officer Hinkle said that he was near the accident scene when he received
the dispatch, and that upon arrival, he saw the white SUV leaned against a tree
and a white male wearing a blue shirt with stripes leaving the scene on
foot.  Appellant matched the description
received through dispatch, was the only person in the area, and was twenty to
thirty feet from the vehicle when Officer Hinkle arrived.  While testifying, Officer Hinkle identified
Appellant as the person he saw the night of the accident. 








Officer
Hinkle testified he pulled his patrol car into the path Appellant was
travelling, exited the patrol car, and made contact with Appellant.  Officer Hinkle asked Appellant for his name,
and Appellant gave Officer Hinkle his driver=s
license.  Officer Hinkle noticed a scratch
on Appellant=s forehead, but Appellant
declined medical care.  Officer Hinkle
also observed Appellant to be disoriented, somewhat confused, and unable to
maintain his balance.  On cross-examination,
Officer Hinkle acknowledged he did not see the vehicle in operation, did not
see anyone inside the vehicle, and did not talk to anyone that saw the vehicle
in operation or a person inside the vehicle. 

Officer
Walt Mathis testified he arrived at the accident scene approximately seven
minutes after receiving the dispatch. 
Upon arrival, he noticed Appellant had a strong smell of an alcoholic
beverage.  Officer Mathis also testified
he found an insurance card in Appellant=s name
inside the wrecked vehicle. 

Officer
Chad Hickey testified he arrived at the accident scene approximately fifteen
minutes after the dispatch.  When he
opened the door of the patrol car in which the officers detained Appellant,
Officer Hickey was Aoverwhelmed by the strong odor
of an alcoholic beverage.@ 
Officer Hickey testified that Appellant had bloodshot, glassy, and
watery eyes, that Appellant had slurred speech, and that Appellant Awas
stumbling a little bit@ while he stood and talked to
Officer Hickey.  Appellant denied having
anything to drink but refused all field sobriety tests.  In the patrol car on the way to the jail,
Appellant asked Officer Hickey, A[W]hat
was the big deal about what happened back there[;] all [I] hit was a pothole.@  At the jail, Appellant said, AI messed
up, didn=t I[?]@ 








The
trial court found Appellant guilty as charged and sentenced Appellant to
fifteen days= confinement and a $650.00
fine.  This appeal followed. 

III. 
Analysis

A.     Legal Sufficiency of the Evidence

Appellant
argues in his first point that the evidence is legally insufficient to support
his conviction because no witness saw him operate a motor vehicle and he did
not admit to operating a motor vehicle. 

1.     Standard of Review

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in order
to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007). 








The
standard of review for cases based on circumstantial evidence is the same as
the standard for reviewing cases with direct evidence.  Laster v. State, 275 S.W.3d 512, 519B20 (Tex.
Crim. App. 2009); King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App.
2000).  In cases based on circumstantial
evidence, it is not required that all facts point to a defendant=s guilt;
it is sufficient if the combined and cumulative force of all of the
incriminating circumstances warrants the conclusion of guilt.  See Courson v. State, 160 S.W.3d 125,
128 (Tex. App.CFort Worth 2005, no pet.)
(citing Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (en
banc), cert. denied, 511 U.S. 1046 (1994)).

2.     Applicable Law

A person
commits the offense of driving while intoxicated if the person operates a motor
vehicle in a public place without the normal use of mental or physical
faculties due to the introduction of alcohol or other substances into the
body.  Tex. Penal Code Ann. '' 49.01(2)(A),
49.04(a) (Vernon 2003).  The corpus
delicti of driving while intoxicated is that someone drove or operated a motor
vehicle in a public place while intoxicated. Threet v. State, 157 Tex.
Crim. 497, 498, 250 S.W.2d 200, 200 (1952).

3.     Discussion








Appellant
contends the hearsay evidence of the 9-1-1 caller=s
description of the driver cannot establish the sufficiency of the evidence
because the hearsay evidence was only admissible to establish probable cause.[3]  We disagree. 
In conducting a legal sufficiency review, we are required to review all
evidence admitted at trial, even improperly admitted evidence.  Moff v. State, 131 S.W.3d 485, 489B90 (Tex.
Crim. App. 2004); Shaffer v. State, 184 S.W.3d 353, 359 (Tex. App.CFort
Worth 2006, pet. ref=d).

Appellant
also contends we must reverse his conviction because no one saw him operating
the vehicle.  Appellant relies heavily on
this court=s opinion in Hanson v. State,
in which we reversed the trial court=s
judgment and held there was insufficient evidence to support the conviction
because Athe
State did not introduce evidence to show Hanson ever drove the car.@ 781
S.W.2d 445, 447 (Tex. App.CFort
Worth 1989), pet. abated, 790 S.W.2d 646 (Tex. Crim. App. 1990).  In Hanson, the police officers
observed a wrecked vehicle with Hanson beside the vehicle.  Id. at 446.  Hanson had no visible injuries but seemed
upset.  Id.  Hanson admitted to officers that she had been
driving the car at the time of the accident. 
Id.  However, the State had
no other evidence that Hanson drove or owned the car.  Id. 
Because we could not consider Hanson=s
out-of-court statements Aunless the fact that the crime
was committed ha[d] been established by other evidence,@ we held
the evidence insufficient to support the conviction.  Id. 
Hanson is distinguishable because the conviction here is not
dependent upon an uncorroborated extra-judicial admission by Appellant.  See Turner v. State, 877 S.W.2d 513,
516 (Tex. App.CFort Worth 1994, no pet.).  








Neither
an extra-judicial confession nor direct evidence is required to prove that a
DWI defendant was operating a vehicle; the State may prove the identity of a
vehicle=s driver
by circumstantial evidence.  See
Hernandez v. State, 13 S.W.3d 78, 80 (Tex. App.CTexarkana
2000, no pet.) (holding circumstantial evidence sufficient to prove defendant
was driving vehicle when defendant was the only person walking near wrecked
vehicle despite defendant=s assertion to investigating
officers that he was not the driver and that the driver had run away); Yeary
v. State, 734 S.W.2d 766, 769 (Tex. App.CFort
Worth 1987, no pet.) (holding circumstantial evidence sufficient to show
defendant was driving vehicle when defendant was the only person in the
vicinity of wrecked vehicle and vehicle=s
windshield was lying on defendant=s body);
see also Freeman v. State, No. 02-08-00079-CR, 2009 WL 579292, at *3
(Tex. App.CFort Worth March 5, 2009, no
pet.) (mem. op., not designated for publication) (holding circumstantial
evidence sufficient to prove defendant was driving vehicle when defendant was
the only person in the vehicle, the vehicle belonged to defendant, defendant
was bleeding, and although he did not admit to driving the vehicle, defendant
told the police he had just been in a wreck).








There is
legally sufficient circumstantial evidence in this case to prove beyond a
reasonable doubt that Appellant was driving the wrecked vehicle.  A 9-1-1 caller reported that a white SUV hit
a tree and that the driver was wearing a blue-striped shirt.  Officer Hinkle saw Appellant, with a scratch
on his forehead and wearing a blue-striped shirt, approximately twenty to
thirty feet from the white SUV when he arrived at the accident scene; no one
else was in the area.  Officer Mathis
also found an insurance card inside the vehicle indicating Appellant insured
the vehicle.  Further, Appellant
voluntarily told Officer Hickey that he Ahit a
pothole@ and
that he had Amessed up.@  Viewed in the light most favorable to the
prosecution, we hold that the evidence is legally sufficient to support the
trial court=s determination that Appellant
operated the vehicle while intoxicated.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at
778.  We overrule Appellant=s first
point.

B.     Factual Sufficiency of the Evidence

Appellant
contends in his second point that the evidence is factually insufficient to
support his conviction because no witness saw him operate a motor vehicle and
he did not admit to operating a motor vehicle. 

1.     Standard of Review








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Lancon
v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204
S.W.3d at 414B15, 417.  To reverse under the second ground, we must determine,
with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
judgment.  Watson, 204 S.W.3d at
417.








In
determining whether the evidence is factually insufficient to support a
conviction that is nevertheless supported by legally sufficient evidence, it is
not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the factfinder or
because we disagree with the factfinder=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless the record clearly
reveals that a different result is appropriate, we must defer to the factfinder=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, unless we conclude that it is necessary
to correct manifest injustice, we must give due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9. 

2.     Discussion

In this
case, a 9-1-1 caller reported that a white SUV hit a tree and that the driver
was wearing a blue-striped shirt.  When
he arrived, Officer Hinkle saw Appellant, wearing a blue-striped shirt,
approximately twenty to thirty feet from the white SUV.  Appellant had a scratch on his forehead, and
there were no other persons in the area. 
Officer Mathis found an insurance card showing Appellant insured the
vehicle.  Further, Appellant voluntarily
told Officer Hickey that he Ahit a
pothole@ and AI messed
up, didn=t I.@  Viewing all of the evidence in a neutral
light, we cannot say that the evidence is so weak that the trial court=s
determination that Appellant operated the vehicle while intoxicated is clearly
wrong and manifestly unjust or that the conflicting evidence so greatly
outweighs the evidence supporting the verdict that the trial court=s
determination is manifestly unjust.  See
Lancon, 253 S.W.3d at 704; Watson, 204 S.W.3d at 414B15,
417.  We overrule Appellant=s second
point.








 

IV. 
Conclusion

Having
overruled Appellant=s two points, we affirm the
trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellant does not
contest that he was intoxicated at the time of the single-vehicle accident.





[3]Appellant does not argue
the trial court incorrectly overruled his objection.