02-11-315-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-11-00315-CR

 

 


 
 
 Baltazar
 Valdez Montoya
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 2 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

         
Appellant
Baltazar Valdez Montoya appeals his conviction
for driving while intoxicated (DWI).  In three
issues, Montoya argues that the evidence was insufficient to prove that he was
operating a motor vehicle, that the trial court abused its discretion by
admitting into evidence a Spanish language recording without an English
translation, and that the trial court erred by overruling his challenge for cause
of a prospective juror.  We will affirm.

II.  Factual and Procedural Background

         
Dustin Atchison was driving home at 11:30 one night when he noticed a white Econoline van swerving across the center line, changing
speeds, and striking the curb more than once.  After witnessing the van
stop at a green light, run a red light, and swerve into oncoming traffic,
Atchison called the non-emergency police line at the Lewisville Police
Department and reported the van. Atchison continued
following the van for three or four minutes until it stopped in a parking lot
at a mobile home park.  Atchison parked several parking spaces away from
the van and watched it as police arrived “almost simultaneously.”

Lewisville
Police Officer Jeff Persinger responded to the
dispatch call and, upon arrival, saw a white van with its lights on in the
parking lot.  He verified the license plate number given to him by
dispatch and approached the van; the engine was off, and Montoya was sleeping
in the driver’s seat.  Officer Persinger woke up
Montoya and asked him to get out of the van.  Montoya had red, glassy
eyes, smelled of alcohol, and swayed when he walked.  Officer Persinger had trouble communicating with Montoya, whose
primary language was Spanish, so Officer Limon arrived for translation
purposes.  Montoya told the officers that he was on his way home and had
consumed six beers between 6:00 and 7:00 that night.  Montoya failed field
sobriety tests and was arrested for DWI.  A
search of his van revealed seventeen open beer cans, some of which were cold to
the touch.  Atchison gave officers a statement before leaving the scene.

At
the jail, Officer Persinger gave Montoya a copy of
the DIC-24 statutory warnings written in Spanish and
played an audio tape of an officer reading those warnings in Spanish.[2] 
After receiving the statutory warnings, Montoya consented to giving a breath
specimen.  The results of the breath test were 0.165 and 0.161.

After
a trial, a jury convicted Montoya of DWI.  The
trial court sentenced him to 180 days’ confinement and an $800 fine.  The
trial court suspended the confinement portion of the sentence and placed
Montoya on community supervision for twenty-four months.

III.  Sufficiency of the Evidence

In
his first issue, Montoya complains that the evidence was insufficient to prove
that he was operating a motor vehicle because no witness testified to seeing
him drive a vehicle.

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Isassi v. State, 330 S.W.3d
633, 638 (Tex. Crim. App. 2010).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Isassi,
330 S.W.3d at 638.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc.
Ann. art. 38.04 (West 1979); Brown v. State,
270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
2075 (2009).  Thus, when performing an evidentiary sufficiency review, we
may not re-evaluate the weight and credibility of the evidence and substitute
our judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v.
State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume
that the factfinder resolved any conflicting
inferences in favor of the verdict and defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.  The standard
of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.  Isassi, 330 S.W.3d at 638; Hooper, 214 S.W.3d at 13.

A
person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place.  Tex. Penal Code Ann. §
49.04(a) (West Supp. 2011).  The identity of a person operating a
motor vehicle can be proved by either direct or circumstantial evidence.  See
Isassi, 330 S.W.3d at 638; Hooper, 214
S.W.3d at 13; Yeary v. State, 734 S.W.2d 766, 769 (Tex. App.—Fort Worth 1987, no pet.) (holding circumstantial evidence
sufficient to show defendant was driving vehicle when defendant was the only
person in the vicinity of wrecked vehicle and vehicle’s windshield was laying
on defendant’s body).

In
this case, Atchison testified to witnessing the white van’s erratic
driving.  When the van stopped, Atchison parked nearby and watched the van
until police arrived.  Although he did not directly identify Montoya as
the driver of the white van, Atchison testified that he did not see anyone get
out of or into the van.  Montoya was the only person in the van when
Officer Persinger approached, and at trial, Officer Persinger identified Montoya as the person sitting in the
driver’s seat that night.  Viewing all of the evidence in the light most
favorable to the verdict, we hold that any rational trier of fact could have
found beyond a reasonable doubt that Montoya was operating a motor
vehicle.  See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Isassi, 330 S.W.3d at 638; see
also Tex. Penal Code Ann. § 49.04(a).  We overrule
Montoya’s first issue.

IV.  Admission of Spanish Language Recording

In
his second issue, Montoya argues that the trial court abused its discretion by
admitting into evidence, without an English translation, the Spanish language
recording of the DIC-24 statutory warnings that
Montoya received at the jail.

Before
requesting a blood or breath specimen from a person, an officer must provide
the person with certain information orally and in writing, including that the
refusal may be admissible in a subsequent prosecution and will result in an
automatic 180-day driver’s license suspension.  Tex.
Transp. Code Ann. § 724.015.  Form DIC–24
is the written component of the statutory warning required when a peace officer
requests a voluntary blood or breath specimen from a person.  See id.;
State v. Neesley, 239 S.W.3d 780, 782 n.1 (Tex. Crim. App. 2007).

Montoya
does not challenge the voluntariness of his consent to provide a breath
specimen; rather, he argues that the jury should have been provided with an
English translation of the Spanish warnings played for him on the videotape.
 In Leal v. State, the court of criminal appeals determined that
the admission of a recorded conversation in a foreign language is analogous to
testimony by a non-English speaker such that the safeguards of article 38.30 of
the Texas Code of Criminal Procedure apply.[3] 
782 S.W.2d at 849.
 Article 38.30 provides, 

When a motion for appointment of an
interpreter is filed by any party or on motion of the court, in any criminal
proceeding, it is determined that a person charged or a witness does not
understand and speak the English language, an interpreter must be sworn to
interpret for the person charged or the witness.

Tex.
Code Crim. Proc. Ann. art. 38.30(a) (West Supp. 2011).

Here,
Officer Persinger explained that the Texas Department
of Public Safety (the DPS) produces the DIC-24 form in both English and Spanish and that he had
played for Montoya an audiotape recording of another Lewisville police officer
reading the Spanish form.[4]
 Montoya objected to the jury hearing the warnings in Spanish without an
English translation because “the audio [was] locally made, and there’s no way
of verifying that what is said on the audio tape is the official DIC-24 language.”  State’s Exhibit 3 was the written DIC-24 warnings in Spanish that Montoya received at the
jail and signed, indicating his consent to provide a specimen.  Montoya
did not complain at trial and does not complain on appeal about the admission
of the written statutory warnings; we have carefully listened to the audio recording
and compared the warnings given, word for word, with the written Spanish DIC-24 form given to Montoya.  There appears to be no
discrepancy between the two­­—and Montoya does not point out any discrepancy.

However,
even assuming that the trial court erred by admitting the audio taped warnings
without an English translation, nothing in the record reveals any harm to
Montoya as a result.  Officer Persinger
testified that Montoya consented to giving a breath specimen after he received
the statutory warnings, and Montoya did not contest the voluntariness of his
consent at trial.  See State v. Amaya,
221 S.W.3d 797, 801 (Tex. App.—Fort Worth 2007, pet. ref’d) (explaining that
defendant bears initial burden of proof to show that his consent to submit a
breath specimen was not voluntary).  We have already recounted the
evidence to show that Montoya was operating a motor vehicle.  The record
also includes evidence of Montoya’s intoxication under either theory of intoxication. 
See Tex. Penal Code Ann. § 49.01(2) (West 2011) (defining intoxication
as not having the normal use of mental or physical faculties by reason of the
introduction of alcohol or having an alcohol concentration of 0.08 or more).[5] 
The results of Montoya’s breath test showed that his alcohol concentration was
twice the legal limit.  See id. § 49.01(2)(B).
 Atchison testified about Montoya’s erratic driving, and Officer Persinger testified that Montoya had red, glassy eyes, smelled
of alcohol, and swayed when he walked.  See id. § 49.01(2)(A).

We
conclude that, in the context of the entire case against Montoya, any error in
admitting the audio taped statutory warnings in Spanish without an English
translation did not have a substantial or injurious effect on the jury’s
verdict and did not affect Montoya’s substantial rights.  See Tex.
R. App. P. 44.2(b); King v. State, 953 S.W.2d
266, 271 (Tex. Crim. App. 1997).  We overrule Montoya’s second issue. 

V.  Challenge for Cause

In his third issue, Montoya argues that the
trial court erred by overruling his challenge for cause to venireperson
15 and by failing to grant him an additional peremptory strike.

We
review a trial court’s ruling on a challenge for cause with “considerable deference”
because the trial court is in the best position to evaluate the venireperson’s demeanor and responses.  See Saldano v. State, 232 S.W.3d 77, 91 (Tex. Crim. App.
2007), cert. denied, 552 U.S. 1232 (2008).  We will reverse a trial
court’s ruling on a challenge for cause “‘only if a clear abuse of discretion
is evident.’”  Id. (quoting Colburn v. State, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998)).

A
defendant may properly challenge any venireperson who
demonstrates a bias or prejudice against any of the law applicable to the case
on which the defendant is entitled to rely.  Tex. Code Crim. Proc. Ann.
art. 35.16(c)(2) (West 2006);
see Cumbo v. State, 760 S.W.2d 251, 253 (Tex. Crim. App. 1988).  The test is
whether the bias or prejudice would substantially impair the prospective
juror’s ability to carry out his oath and instructions in accordance with the
law.  Gardner v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009),
cert. denied, 131 S. Ct. 103 (2010); Swearingen v. State, 101
S.W.3d 89, 99 (Tex. Crim. App. 2003).  Before venirepersons
may be excused for cause, the law must be explained to them, and they must be
asked whether they can follow that law, regardless of their personal
views.  Gardner, 306 S.W.3d at 295.
 The proponent of a challenge for cause has the burden of establishing
that the challenge is proper.  Id.  The proponent does not
meet this burden until he has shown that the venireperson
understood the requirements of the law and could not overcome her prejudice
well enough to follow the law.  Id.  When the record does not
contain a clearly objectionable declaration by the venireperson,
or the record demonstrates a vacillating or equivocal venireperson,
we must defer to the trial judge, who had the better opportunity to see and
hear the person.  Gardner, 306 S.W.3d at 295; Swearingen,
101 S.W.3d at 99. 

Harm
from the erroneous denial of a defense challenge for cause occurs (1) when a
defendant uses a peremptory strike to remove a venireperson
whom the trial court should have excused for cause at the defendant’s request,
(2) the defendant uses all of his statutorily allotted peremptory strikes, and
(3) the defendant unsuccessfully requests an additional peremptory strike that
he claims he would use to remove another venireperson
whom the defendant identifies as “objectionable” and who actually sits on the
jury.  Busby v. State, 253 S.W.3d 661, 670 (Tex. Crim. App.), cert.
denied, 555 U.S. 1050 (2008).  In these circumstances, the trial
court’s erroneous denial of a defense challenge for cause harms the defendant
by depriving him of a statutory peremptory strike that he otherwise would have
had to remove the “objectionable” juror.  Id.

Here,
the following exchange took place during the State’s voir dire:

[The State]: 
Some people feel if you have had any alcohol to drink it should be against the
law to drive.  How many of you said yes, I agree?  Any alcohol should
be against the law?  A couple of you did.

 

Let me tell you, it
should be against the law, and what you think is absolutely valid.  You don’t
have to remove that in here, you don’t have to change that.  The question is, knowing how you feel about the law, can you
follow the law that the judge will give you?

 

         
[UNIDENTIFIED VENIREMAN]:  Yes.

 

         
[The State]:  Ms. Gerdes [Venireperson
15]?  Ms. Burks?

 

         
MS. BURKS:  (Nods head up and down.)

 

         
[The State]:  Does anyone think, look, Kim, because either I don’t drink
or because I feel that if you have some alcohol and then get behind the wheel
of a car, look, I just can’t follow this law?  Nobody? 


The
venire panel was silent in response to the State’s question.  Later in the
record, the following exchange took place between defense counsel and venireperson 15,

[Defense
counsel]:  Okay.  And where’s my school teacher?  You’re too
young to be my school teacher.  But you -- you sat through a DWI case before, and -- and you’ve indicated that you
agreed -- you felt that people shouldn’t drink and drive at all, and you agree
with the zero tolerance policy.  So if anyone can offend me, you’ve done a
wonderful job.  But I’m just -- but what I’m interested in is, is can you
believe you could sit as a person and judge -- listen to the evidence and be --
be a fair juror as opposed to, let’s say, next door they’re doing a shoplifting
case where there’s no alcohol involved, and none of these factors that you have
come into play, do you think you could be a more fair juror in the case next
door as opposed to here?

 

[Venireperson
15]:  Yes, I -- I try to always have an open mind and see both
sides.  And I just listen to the facts, and I have to just weigh it out.

 

[Defense
counsel]:  Okay.  Now -- but when you said yes, I wasn’t sure if you
were saying yes, I probably would be more fair in the non alcohol [sic] related
case.  Am I putting words in your mouth?

 

[Venireperson
15]:  No.

 

[Defense
counsel]:  Okay.

 

[Venireperson
15]:  I would be -- I would listen to both sides and then weigh them and
see which one has been proven.

 

[Defense counsel]: 
Okay.  But you think that your view on alcohol and driving are strong
enough that as Mr. Montoya sits here you’re not starting him off perhaps
exactly in the middle, you’re starting him off to one side because of the
alcohol and driving issue?

 

[Venireperson
15]:  Well, that is what I believe.

 

[Defense
counsel]:  Okay.

 

[Venireperson
15]:  But I will -- I will say that I have an open mind,
that I have worked with too many kids, and I have to -- you have to see
both sides. 

Defense
counsel challenged venirepersons 12, 13, and 18,
which the trial court granted.  Defense counsel requested that venireperson 15 be asked additional questions to clarify
whether she could be fair in a DWI case.  The
trial court denied the request.  Defense counsel asked for an additional
strike “because of the denial of panel member 15,” and the trial court denied
the request.  Defense counsel stated on the record that he had to use one
of his peremptory strikes on venireperson 15, rather
than venireperson 4.[6]

To
demonstrate harm, Montoya must show that the trial court erroneously denied his
challenge for cause of venireperson 15.  See
id.  Venireperson 15 indicated in her jury
questionnaire that she was in favor of a zero-tolerance policy against drinking
and driving.  However, the trial court explained the law on DWI to the panel, and when the State asked those venirepersons who were in favor of a zero-tolerance policy
if they thought they could not follow the law, venireperson
15 did not answer that she could not.  When singled out as one of the
pro-zero-tolerance members of the panel, venireperson
15 never indicated that her belief would prevent her from following the
law.  Montoya points out her answer, “Well, that is what I believe” when
asked:

But you think that your view on
alcohol and driving are strong enough that as Mr. Montoya sits here you’re not
starting him off perhaps exactly in the middle, you’re starting him off to one
side because of the alcohol and driving issue?

But
viewing the entirety of her voir dire, venireperson
15 stated that she would be just as fair in a DWI
case as in a shoplifting case, that she would listen to both sides, “weigh them
and see which one has been proven,” and that she would have an open mind.
 The record does not contain a clearly objectionable declaration by venireperson 15, and in fact, she repeatedly stated that
she would be open-minded and weigh the evidence presented.  Reviewing the
trial court’s ruling with “considerable deference,” as we must, we hold that
the trial court did not abuse its discretion by denying Montoya’s challenge for
cause of venireperson 15.  Saldano,
232 S.W.3d at 91; see Gardner, 306 S.W.3d at 295–98; Swearingen,
101 S.W.3d at 99; see also Bell v. State, 724 S.W.2d
780, 797 (Tex. Crim. App. 1986) (stating that venireperson
is not subject to a challenge for cause “if the juror can lay aside his
impression or opinion and render a verdict based on the evidence presented in
court”), cert. denied, 479 U.S. 1046 (1987).  We overrule Montoya’s
third issue.

VI.  Conclusion

Having
overruled Montoya’s three issues, we affirm the trial court’s judgment.

 

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MCCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 24,
2012 

 

 














[1]See
Tex. R. App. P. 47.4.





[2]See
Tex. Transp. Code Ann. § 724.015 (West Supp. 2011) (requiring that an
officer inform a person of certain information orally and in writing before
requesting a specimen of that person).





[3]In
Leal, the trial court did not swear in an interpreter to translate a
Spanish conversation for the jury and allowed the jury to follow along with the
State’s translation of the recording even though there was no evidence the
individuals who translated the recording for the State were qualified to do so
and were not called as witnesses.  782 S.W.2d 844, 847–51 (Tex. Crim. App. 1989).





[4]Whereas
in Leal, the jury heard a recorded “conversation” between the defendant
and a co-defendant in Spanish, here, the recording played for the jury was not
of a “conversation” but was of an officer simply reading the Spanish DIC-24 statutory warnings.  Cf. Leal, 782 S.W.2d at 847.  And
Montoya does not point out any inaccuracies in the recorded warnings.





[5]The
information and the jury charge included both the per se and impairment
definitions of intoxication.  See id. 





[6]See
Tex. Code Crim. Proc. Ann. art. 35.15(c) (West 2006)
(providing that defendant and the State are entitled to three peremptory
challenges each in county courts and county courts at law).