

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00315-CR

BALTAZAR VALDEZ MONTOYA                        APPELLANT

V.

THE STATE OF TEXAS                                   STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Baltazar Valdez Montoya appeals his conviction for driving while intoxicated (DWI). In three issues, Montoya argues that the evidence was insufficient to prove that he was operating a motor vehicle, that the trial court abused its discretion by admitting into evidence a Spanish language recording

----------

[1]*See* Tex. R. App. P. 47.4.

without an English translation, and that the trial court erred by overruling his challenge for cause of a prospective juror. We will affirm.

## II. Factual and Procedural Background

Dustin Atchison was driving home at 11:30 one night when he noticed a white Econoline van swerving across the center line, changing speeds, and striking the curb more than once. After witnessing the van stop at a green light, run a red light, and swerve into oncoming traffic, Atchison called the non-emergency police line at the Lewisville Police Department and reported the van. Atchison continued following the van for three or four minutes until it stopped in a parking lot at a mobile home park. Atchison parked several parking spaces away from the van and watched it as police arrived "almost simultaneously."

Lewisville Police Officer Jeff Persinger responded to the dispatch call and, upon arrival, saw a white van with its lights on in the parking lot. He verified the license plate number given to him by dispatch and approached the van; the engine was off, and Montoya was sleeping in the driver's seat. Officer Persinger woke up Montoya and asked him to get out of the van. Montoya had red, glassy eyes, smelled of alcohol, and swayed when he walked. Officer Persinger had trouble communicating with Montoya, whose primary language was Spanish, so Officer Limon arrived for translation purposes. Montoya told the officers that he was on his way home and had consumed six beers between 6:00 and 7:00 that night. Montoya failed field sobriety tests and was arrested for DWI. A search of

2

his van revealed seventeen open beer cans, some of which were cold to the touch. Atchison gave officers a statement before leaving the scene.

At the jail, Officer Persinger gave Montoya a copy of the DIC-24 statutory warnings written in Spanish and played an audio tape of an officer reading those warnings in Spanish.[2] After receiving the statutory warnings, Montoya consented to giving a breath specimen. The results of the breath test were 0.165 and 0.161.

After a trial, a jury convicted Montoya of DWI. The trial court sentenced him to 180 days' confinement and an $800 fine. The trial court suspended the confinement portion of the sentence and placed Montoya on community supervision for twenty-four months.

### III. Sufficiency of the Evidence

In his first issue, Montoya complains that the evidence was insufficient to prove that he was operating a motor vehicle because no witness testified to seeing him drive a vehicle.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

---

[2]*See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2011) (requiring that an officer inform a person of certain information orally and in writing before requesting a specimen of that person).

3

307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

4

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2011). The identity of a person operating a motor vehicle can be proved by either direct or circumstantial evidence. *See Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13; *Yeary v. State*, 734 S.W.2d 766, 769 (Tex. App.—Fort Worth 1987, no pet.) (holding circumstantial evidence sufficient to show defendant was driving vehicle when defendant was the only person in the vicinity of wrecked vehicle and vehicle's windshield was laying on defendant's body).

In this case, Atchison testified to witnessing the white van's erratic driving. When the van stopped, Atchison parked nearby and watched the van until police arrived. Although he did not directly identify Montoya as the driver of the white van, Atchison testified that he did not see anyone get out of or into the van. Montoya was the only person in the van when Officer Persinger approached, and at trial, Officer Persinger identified Montoya as the person sitting in the driver's seat that night. Viewing all of the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have found beyond a reasonable doubt that Montoya was operating a motor vehicle. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Penal Code Ann. § 49.04(a). We overrule Montoya's first issue.

## IV. Admission of Spanish Language Recording

In his second issue, Montoya argues that the trial court abused its discretion by admitting into evidence, without an English translation, the Spanish

5

language recording of the DIC-24 statutory warnings that Montoya received at the jail.

Before requesting a blood or breath specimen from a person, an officer must provide the person with certain information orally and in writing, including that the refusal may be admissible in a subsequent prosecution and will result in an automatic 180-day driver's license suspension. Tex. Transp. Code Ann. § 724.015. Form DIC–24 is the written component of the statutory warning required when a peace officer requests a voluntary blood or breath specimen from a person. *See id.*; *State v. Neesley*, 239 S.W.3d 780, 782 n.1 (Tex. Crim. App. 2007).

Montoya does not challenge the voluntariness of his consent to provide a breath specimen; rather, he argues that the jury should have been provided with an English translation of the Spanish warnings played for him on the videotape. In *Leal v. State*, the court of criminal appeals determined that the admission of a recorded conversation in a foreign language is analogous to testimony by a non-English speaker such that the safeguards of article 38.30 of the Texas Code of Criminal Procedure apply.[3] 782 S.W.2d at 849. Article 38.30 provides,

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is

---

[3] In *Leal*, the trial court did not swear in an interpreter to translate a Spanish conversation for the jury and allowed the jury to follow along with the State's translation of the recording even though there was no evidence the individuals who translated the recording for the State were qualified to do so and were not called as witnesses. 782 S.W.2d 844, 847–51 (Tex. Crim. App. 1989).

6

determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness.

Tex. Code Crim. Proc. Ann. art. 38.30(a) (West Supp. 2011).

Here, Officer Persinger explained that the Texas Department of Public Safety (the DPS) produces the DIC-24 form in both English and Spanish and that he had played for Montoya an audiotape recording of another Lewisville police officer reading the Spanish form.[4] Montoya objected to the jury hearing the warnings in Spanish without an English translation because "the audio [was] locally made, and there's no way of verifying that what is said on the audio tape is the official DIC-24 language." State's Exhibit 3 was the written DIC-24 warnings in Spanish that Montoya received at the jail and signed, indicating his consent to provide a specimen. Montoya did not complain at trial and does not complain on appeal about the admission of the written statutory warnings; we have carefully listened to the audio recording and compared the warnings given, word for word, with the written Spanish DIC-24 form given to Montoya. There appears to be no discrepancy between the two—and Montoya does not point out any discrepancy.

---

[4]Whereas in *Leal*, the jury heard a recorded "conversation" between the defendant and a co-defendant in Spanish, here, the recording played for the jury was not of a "conversation" but was of an officer simply reading the Spanish DIC-24 statutory warnings. *Cf. Leal*, 782 S.W.2d at 847. And Montoya does not point out any inaccuracies in the recorded warnings.

However, even assuming that the trial court erred by admitting the audio taped warnings without an English translation, nothing in the record reveals any harm to Montoya as a result. Officer Persinger testified that Montoya consented to giving a breath specimen after he received the statutory warnings, and Montoya did not contest the voluntariness of his consent at trial. *See State v. Amaya*, 221 S.W.3d 797, 801 (Tex. App.—Fort Worth 2007, pet. ref'd) (explaining that defendant bears initial burden of proof to show that his consent to submit a breath specimen was not voluntary). We have already recounted the evidence to show that Montoya was operating a motor vehicle. The record also includes evidence of Montoya's intoxication under either theory of intoxication. *See* Tex. Penal Code Ann. § 49.01(2) (West 2011) (defining intoxication as not having the normal use of mental or physical faculties by reason of the introduction of alcohol or having an alcohol concentration of 0.08 or more).[5] The results of Montoya's breath test showed that his alcohol concentration was twice the legal limit. *See id.* § 49.01(2)(B). Atchison testified about Montoya's erratic driving, and Officer Persinger testified that Montoya had red, glassy eyes, smelled of alcohol, and swayed when he walked. *See id.* § 49.01(2)(A).

We conclude that, in the context of the entire case against Montoya, any error in admitting the audio taped statutory warnings in Spanish without an English translation did not have a substantial or injurious effect on the jury's

---

[5]The information and the jury charge included both the per se and impairment definitions of intoxication. *See id.*

verdict and did not affect Montoya's substantial rights.  *See* Tex. R. App. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  We overrule Montoya's second issue.

### V.  Challenge for Cause

In his third issue, Montoya argues that the trial court erred by overruling his challenge for cause to venireperson 15 and by failing to grant him an additional peremptory strike.

We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the venireperson's demeanor and responses.  S*ee Saldano v. State*, 232 S.W.3d 77, 91 (Tex. Crim. App. 2007), *cert. denied*, 552 U.S. 1232 (2008).  We will reverse a trial court's ruling on a challenge for cause "'only if a clear abuse of discretion is evident.'"  *Id.* (quoting *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998)).

A defendant may properly challenge any venireperson who demonstrates a bias or prejudice against any of the law applicable to the case on which the defendant is entitled to rely.  Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West 2006); *see Cumbo v. State*, 760 S.W.2d 251, 253 (Tex. Crim. App. 1988).  The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009), *cert. denied*, 131 S. Ct. 103 (2010); *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App.

9

2003). Before venirepersons may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views. *Gardner*, 306 S.W.3d at 295. The proponent of a challenge for cause has the burden of establishing that the challenge is proper. *Id.* The proponent does not meet this burden until he has shown that the venireperson understood the requirements of the law and could not overcome her prejudice well enough to follow the law. *Id.* When the record does not contain a clearly objectionable declaration by the venireperson, or the record demonstrates a vacillating or equivocal venireperson, we must defer to the trial judge, who had the better opportunity to see and hear the person. *Gardner*, 306 S.W.3d at 295; *Swearingen*, 101 S.W.3d at 99.

Harm from the erroneous denial of a defense challenge for cause occurs (1) when a defendant uses a peremptory strike to remove a venireperson whom the trial court should have excused for cause at the defendant's request, (2) the defendant uses all of his statutorily allotted peremptory strikes, and (3) the defendant unsuccessfully requests an additional peremptory strike that he claims he would use to remove another venireperson whom the defendant identifies as "objectionable" and who actually sits on the jury. *Busby v. State*, 253 S.W.3d 661, 670 (Tex. Crim. App.), *cert. denied*, 555 U.S. 1050 (2008). In these circumstances, the trial court's erroneous denial of a defense challenge for cause harms the defendant by depriving him of a statutory peremptory strike that he otherwise would have had to remove the "objectionable" juror. *Id.*

10

Here, the following exchange took place during the State's voir dire:

> [The State]:  Some people feel if you have had any alcohol to drink it should be against the law to drive.  How many of you said yes, I agree?  Any alcohol should be against the law?  A couple of you did.
>
> Let me tell you, it should be against the law, and what you think is absolutely valid.  You don't have to remove that in here, you don't have to change that.  The question is, knowing how you feel about the law, can you follow the law that the judge will give you?
>
> [UNIDENTIFIED VENIREMAN]:  Yes.
>
> [The State]:  Ms. Gerdes [Venireperson 15]?  Ms. Burks?
>
> MS. BURKS:  (Nods head up and down.)
>
> [The State]:  Does anyone think, look, Kim, because either I don't drink or because I feel that if you have some alcohol and then get behind the wheel of a car, look, I just can't follow this law?  Nobody?

The venire panel was silent in response to the State's question.  Later in the record, the following exchange took place between defense counsel and venireperson 15,

> [Defense counsel]:  Okay.  And where's my school teacher?  You're too young to be my school teacher.  But you -- you sat through a DWI case before, and -- and you've indicated that you agreed -- you felt that people shouldn't drink and drive at all, and you agree with the zero tolerance policy.  So if anyone can offend me, you've done a wonderful job.  But I'm just -- but what I'm interested in is, is can you believe you could sit as a person and judge -- listen to the evidence and be -- be a fair juror as opposed to, let's say, next door they're doing a shoplifting case where there's no alcohol involved, and none of these factors that you have come into play, do you think you could be a more fair juror in the case next door as opposed to here?

11

[Venireperson 15]:  Yes, I -- I try to always have an open mind and see both sides.  And I just listen to the facts, and I have to just weigh it out.

[Defense counsel]:  Okay.  Now -- but when you said yes, I wasn't sure if you were saying yes, I probably would be more fair in the non alcohol [sic] related case.  Am I putting words in your mouth?

[Venireperson 15]:  No.

[Defense counsel]:  Okay.

[Venireperson 15]:  I would be -- I would listen to both sides and then weigh them and see which one has been proven.

[Defense counsel]:  Okay.  But you think that your view on alcohol and driving are strong enough that as Mr. Montoya sits here you're not starting him off perhaps exactly in the middle, you're starting him off to one side because of the alcohol and driving issue?

[Venireperson 15]:  Well, that is what I believe.

[Defense counsel]:  Okay.

[Venireperson 15]:  But I will -- I will say that I have an open mind, that I have worked with too many kids, and I have to -- you have to see both sides.

Defense counsel challenged venirepersons 12, 13, and 18, which the trial court granted.  Defense counsel requested that venireperson 15 be asked additional questions to clarify whether she could be fair in a DWI case.  The trial court denied the request.  Defense counsel asked for an additional strike "because of the denial of panel member 15," and the trial court denied the

12

request. Defense counsel stated on the record that he had to use one of his peremptory strikes on venireperson 15, rather than venireperson 4.[6]

To demonstrate harm, Montoya must show that the trial court erroneously denied his challenge for cause of venireperson 15. *See id.* Venireperson 15 indicated in her jury questionnaire that she was in favor of a zero-tolerance policy against drinking and driving. However, the trial court explained the law on DWI to the panel, and when the State asked those venirepersons who were in favor of a zero-tolerance policy if they thought they could not follow the law, venireperson 15 did not answer that she could not. When singled out as one of the pro-zero-tolerance members of the panel, venireperson 15 never indicated that her belief would prevent her from following the law. Montoya points out her answer, "Well, that is what I believe" when asked:

> But you think that your view on alcohol and driving are strong enough that as Mr. Montoya sits here you're not starting him off perhaps exactly in the middle, you're starting him off to one side because of the alcohol and driving issue?

But viewing the entirety of her voir dire, venireperson 15 stated that she would be just as fair in a DWI case as in a shoplifting case, that she would listen to both sides, "weigh them and see which one has been proven," and that she would have an open mind. The record does not contain a clearly objectionable declaration by venireperson 15, and in fact, she repeatedly stated that she would

---

[6]*See* Tex. Code Crim. Proc. Ann. art. 35.15(c) (West 2006) (providing that defendant and the State are entitled to three peremptory challenges each in county courts and county courts at law).

be open-minded and weigh the evidence presented. Reviewing the trial court's ruling with "considerable deference," as we must, we hold that the trial court did not abuse its discretion by denying Montoya's challenge for cause of venireperson 15. *Saldano*, 232 S.W.3d at 91; *see Gardner*, 306 S.W.3d at 295–98; *Swearingen*, 101 S.W.3d at 99; *see also Bell v. State*, 724 S.W.2d 780, 797 (Tex. Crim. App. 1986) (stating that venireperson is not subject to a challenge for cause "if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court"), *cert. denied*, 479 U.S. 1046 (1987). We overrule Montoya's third issue.

## VI. Conclusion

Having overruled Montoya's three issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 24, 2012