**Affirmed and Opinion filed August 14, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

## NO. 14-13-00222-CR

---

### JESUS MARTINEZ MENDOZA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1354334**

---

## O P I N I O N

In one issue, appellant Jesus Martinez Mendoza contends the trial court abused its discretion in denying his motion to suppress evidence of his pretrial identification on the bases that the out-of-court identification procedure was impermissibly suggestive and the identification was unreliable. We affirm.

## Background

According to testimony adduced at trial, one evening around 11:00 p.m., the two complainants were walking to their vehicle in a Wal-Mart parking lot when they were approached by appellant and two other men, Luis Aranda Morales and Enrique Mendiola Alvarez. Appellant asked the complainants, "[W]hat did you say to me[,]" then cursed at them, and accused them of insulting him and his group. The complainants replied that they were not looking for trouble, apologized, and continued walking toward one of their vehicles. The group approached them again, this time "circl[ing]" them, "cussing" at them, and "gesturing and . . . putting their hands in their pockets as if they had a weapon." One of the members of the group showed a pistol to them and asked, "You want problems[?]" The complainants again apologized and continued on.

After the complainants got into the front seats of the vehicle, Alvarez stood outside the front driver's side door, Morales stood outside the front passenger's side door, and they both pointed pistols at the complainants. Appellant stood at the front of the vehicle, acting as the lookout with his hand under his shirt as if he had a weapon. The men robbed the complainants at gunpoint and fled after a fourth person picked them up in a yellow Dodge Ram pickup truck. A fifth person was also in the truck.

Officers shortly thereafter stopped a truck matching the complainants' description with five Hispanic males inside approximately one-and-a-half miles from the Wal-Mart. Officers transported the complainants in separate police cars to the location where the suspects had been apprehended. An officer conducted an "on-the-scene" identification of the suspects. He brought out each suspect one at a time, and the complainants were separated from each other when they viewed each suspect. One complainant positively identified three of the suspects, and one

2

complainant identified four.[1]  Both complainants positively identified appellant.

Appellant and Alvarez were tried together.[2]  The jury found appellant guilty of aggravated robbery with a deadly weapon and assessed appellant's punishment at eight years' confinement.

## *Discussion*

Appellant contends the trial court abused its discretion in denying his motion to suppress the complainants' pretrial identification of him on the basis that the procedures used for the identification violated his constitutional right to due process.  We review a trial court's ruling on a motion to suppress for an abuse of discretion.  *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008); *Adams v. State*, 397 S.W.3d 760, 763 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  In doing so, we view the evidence in the light most favorable to the trial court's ruling.  *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Adams*, 397 S.W.3d at 763.  The trial judge is the sole trier of fact and judge of the credibility of witnesses and the weight to be given to their testimony.  *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Adams*, 397 S.W.3d at 763.  We afford almost total deference to the trial court's express or implied determination of historical facts, while reviewing the court's application of the law to the facts de novo.  *Wiede*, 214 S.W.3d at 25; *Adams*, 397 S.W.3d at 763.  We will sustain the trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003); *Adams*, 397 S.W.3d at 763-64.

---

[1] The complainant who identified four suspects did not testify at trial.

[2] *See* Tex. Code Crim. Proc. art. 36.09 (allowing "two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction [to] be, in the discretion of the court, tried jointly").

Typically, a defendant's attack is against an in-court identification as being tainted by an impermissibly suggestive pretrial identification procedure. *See Wallace v. State*, 75 S.W.3d 576, 584 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). However, appellant neither objected at trial to the in-court identification of him by the complainant who testified nor challenges it on appeal. The failure to complain or object in the trial court to in-court identifications waives any complaint regarding the in-court identifications on appeal. *Mason v. State*, 416 S.W.3d 720, 738 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Therefore, we consider only appellant's arguments concerning the pretrial identification procedure. *See id.*

A pretrial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny the accused due process. *Barley v. State*, 906 S.W.2d 27, 32–33 (Tex. Crim. App. 1995). We review de novo the question of whether a pretrial identification procedure amounted to a denial of due process. *Gamboa v. State*, 296 S.W.3d 574, 581 (Tex. Crim. App. 2009); *Adams*, 397 S.W.3d at 764. First, we determine if the pretrial identification procedure was impermissibly suggestive. *Gamboa*, 296 S.W.3d at 581; *Adams*, 397 S.W.3d at 764. Second, if we conclude that the procedure was impermissibly suggestive, we then determine if the impermissibly suggestive nature of the pretrial identification gave rise to a substantial likelihood of irreparable misidentification. *Gamboa*, 296 S.W.3d at 581–82; *Adams*, 397 S.W.3d at 764. If the pretrial procedure is found to be impermissibly suggestive, identification testimony would nevertheless be admissible where the totality of the circumstances shows no substantial likelihood of misidentification. *Adams*, 397 S.W.3d at 764. Appellant must show by clear and convincing evidence that the identification has been irreparably tainted before we can reverse his conviction.

*See Mason*, 416 S.W.3d at 738.

**Pretrial Identification Not Impermissibly Suggestive**. Although "on-the-scene" confrontations, also referred to as "show-up" identifications, have some degree of suggestiveness, their use is necessary in cases where time is of the essence in catching a suspect and an early identification is aided by the fresh memory of the victim. *Fite v. State*, 60 S.W.3d 314, 318 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see also Santiago v. State*, 425 S.W.3d 437, 442 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The initial show-up procedure at the crime scene was not shown to be impermissibly suggestive, as such confrontations have been acknowledged as being necessary in many cases."). Several benefits may be attained from this procedure. First, by viewing the alleged perpetrator of the offense immediately after the commission of the offense, the witness is allowed to test his recollection while his memory is still fresh and accurate. *Garza v. State*, 633 S.W.2d 508, 512 (Tex. Crim. App. [Panel Op.] 1981); *Louis v. State*, 825 S.W.2d 752, 756 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). Second, quick confirmation or denial of identification expedites the release of innocent suspects. *Garza*, 633 S.W.2d at 512; *Louis*, 825 S.W.2d at 756. Third, the police are able to release any innocent suspects and continue their search for the criminal while he is still within the area and before the criminal can substantially alter his looks and dispose of evidence of the crime. *Garza*, 633 S.W.2d at 512; *Louis*, 825 S.W.2d at 756. Fourth, any possible prejudice resulting from such a confrontation can be exposed by rigorous cross-examination of the witness. *Garza*, 633 S.W.2d at 512; *Louis*, 825 S.W.2d at 756. We consider the totality of circumstances in determining whether a show-up identification was impermissibly suggestive. *Garza*, 633 S.W.2d at 512; *Louis*, 825 S.W.2d at 757.

All of the above considerations apply to the pretrial identification procedures

5

used in this case. The pretrial identification occurred approximately one hour after the robbery, which allowed the complainants to view the suspects while the events surrounding the robbery were still fresh in the complainants' minds. The suspects were found soon after the robbery in a vehicle matching the description given by the complainants about a mile-and-a-half away from where the robbery occurred, which allowed quick confirmation or denial of identification of the suspects.

The police employed safeguards to reduce any influence the complainants could have had on each other in the identification process by keeping them separate en route to and during the show-up, which prevented them from comparing or discussing the suspects' features during that timeframe.[3] The officer conducting the show-up separately gave each complainant instructions that the suspects may or may not have been the persons who committed the crime. He said,

> I told them we're going to pull some people out. They may or may not be the people that committed the offense. If you know it's the person, if you're positive[,] tell us[,] and if it's not[,] tell us then also 'cause we don't want to get the wrong people.

The police presented each suspect one at a time, and the suspects were illuminated by police car spotlights and could be seen clearly. The complainant who testified said he got a good look at the suspects as the police brought them out.

Each complainant was able to identify the three suspects who directly confronted them during the robbery. The complainant who testified was not able to identify the two suspects who had arrived in the truck to pick up the others, and the other complainant was able to identify only one of the two. The complainants,

---

[3] Appellant complains that an officer admitted "[i]t could [have] be[een] possible" for the complainants to have seen each other's reactions during the show-up. However, there is no evidence they did so: the complainants viewed each suspect from separate patrol cars.

therefore, distinguished the suspects they saw well versus those that they did not see well or at all. Finally, appellant's attorney cross-examined the complainant and officer at trial. This gave defense counsel an opportunity to expose any possible prejudice resulting from the pretrial identification procedure. *See Garza*, 633 S.W.2d at 512; *Louis*, 825 S.W.2d at 756.

Considering the totality of the circumstances, we conclude the pretrial identification process conducted in this case was not impermissibly suggestive. We overrule appellant's sole issue.[4]

We affirm the judgment of the trial court.


/s/          Martha Hill Jamison
             Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Publish — TEX. R. APP. P. 47.2(b).

---

[4] Appellant argues we should consider the following factors to determine if the impermissibly suggestive nature of the pretrial identification gave rise to a substantial likelihood of irreparable misidentification: (1) the witnesses' opportunity to view appellant at the time of the crime; (2) the witnesses' degree of attention; (3) the accuracy of the witnesses' prior description of the criminal; (4) the witnesses' level of certainty at the time of confrontation; and (5) the length of time between the offense and the confrontation. *See Gamboa*, 296 S.W.3d at 582. However, we need not do so because we conclude the identification procedure was not impermissibly suggestive. *See Adams*, 397 S.W.3d at 764; *see also Santos v. State*, 116 S.W.3d 447, 451 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).