**Opinion issued December 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00261-CR

———————————

## LAWRENCE FLOYD MILLER III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 412th District Court
### Brazoria County, Texas
### Trial Court Case No. 74039

---

## MEMORANDUM OPINION

Appellant was charged with driving while intoxicated, third offense.[1] The

jury found him guilty and assessed punishment at 20 years' confinement and a fine

of $5,000. In two issues on appeal, appellant argues (1) the evidence was insufficient

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West 2011).

to support his conviction and (2) the trial court abused its discretion by denying his motion to suppress.

We affirm.

**TRIAL EVIDENCE**

On the night of May 2, 2014, Aracely Macedo was driving a car in Freeport, Texas around 11:00 p.m. when her vehicle was struck hard by a gray pickup truck. Her airbags deployed, and she suffered fractures in her neck that sent her to the hospital. She saw the vehicle that struck her and testified that it was a gray pickup truck that immediately backed up and left the scene. She was not able to identify the driver, but testified that the truck that hit her lost a tire in the collision.

Bobby Robinette was sitting on his porch—on a street near the accident scene—when he heard a grinding noise and saw a gray or silver truck, missing a tire, pull up across the street from his house with the rim from the missing tire grinding against the concrete and come to a stop. Robinette watched as one person exited the passenger side door and ran away from the truck at a high rate of speed towards a nearby business. Robinette then watched someone exit from the driver's side door, stumble, and then slowly walk—limping and wobbling—to a nearby tree.

Deputy Adam Soto, an officer with the Freeport Police Department, was called to the scene of Macedo's hit and run. As he drove in the direction that Macedo told him the truck had headed leaving the accident scene, Deputy Soto saw Robinette

2

standing on the corner of the street, waving him down. Deputy Soto noticed a silver pick-up truck with only three tires parked in the middle of the street. Robinette told Deputy Soto that he saw a male with a limp[2] exit the driver's side door of that truck. Deputy Soto parked his patrol car near the truck, exited, and saw appellant holding onto a nearby fence.

Deputy Soto approached appellant, saw his eyes were bloodshot, smelled alcohol, and heard appellant speaking with slurred speech. Soto arrested appellant and Robinette identified him as the driver of the gray truck.

When Deputy Craig Graham, also with the Freeport Police Department, arrived at the arrest scene, Deputy Soto asked Deputy Graham to perform a sobriety evaluation on appellant. When he opened Deputy Soto's patrol car door, Deputy Graham immediately smelled alcohol coming from appellant. Graham also noticed that appellant had red eyes, slurred speech, and seemed agitated. Graham found the keys to the wrecked gray pick-up truck in appellant's pocket. Graham had appellant's blood drawn, and his blood alcohol concentration was 0.286.

Robinette testified at trial that he never lost sight of appellant between the time he saw him get out of the driver's seat of the truck through the time he identified appellant to police as the driver. Appellant's counsel renewed an objection

---

[2] Appellant has a prosthetic leg, and there was testimony that could have caused him to appear wobbly on his feet.

(previously made in a denied pretrial motion to suppress) that Robinette's in-court identification of appellant violated his due process rights:

> Your Honor, we will object to this witness testifying or identifying any person in open court. We believe that any testimony that this witness would offer was tainted by an out-of-court identification procedure. We believe that any evidence that he has would violate my client's due process rights. Also the out-of-court identification procedure I believe was impermissibly suggestive and because of that we would object to any in court identification by this witness as to violating Mr. Lawrence Miller's right to due process.

The trial court overruled the objection and permitted Robinette to identify appellant as the driver of the truck at trial.

## THE VERDICT AND JUDGMENT

The jury found appellant guilty of "the offense of Driving While Intoxicated, Third or More." The jury assessed punishment at 20 years' confinement and a $5,000 fine. The trial court entered judgment on the jury's verdict, and appellant brought this appeal.

## ISSUES ON APPEAL

Appellant raises two issues on appeal:

1.  "The evidence adduced at trial was legally insufficient."

2.  "The trial court abused its discretion in denying appellant's motion to suppress evidence of this pretrial identification on the basis that the out-of-court identification procedure was impressible suggestive and the identification was unreliable."

4

# SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant argues the evidence was insufficient to support his conviction.

## A. Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). A jury, as the sole judge of credibility, may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *see also Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating jury can choose to disbelieve witness even when witness's testimony is uncontradicted).

We afford almost complete deference to the jury's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d

394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination."). "Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt." *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at 778). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## B.    Analysis

Appellant argues that there is legally insufficient evidence to identify him as the operator of the gray pickup truck. Specifically, Appellant argues that no one saw him driving, nor did anyone ever see him exiting, the pickup truck. The State responds that there was both sufficient direct and circumstantial evidence that appellant operated the vehicle in question. We agree with the State.

The identity of a perpetrator can be proved by direct or circumstantial evidence; eyewitness identification is not necessary. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *Greene v. State,* 124 S.W.3d 789, 792 (Tex. App.— Houston [1st Dist.] 2003, pet. ref'd). Here, Robinette testified at trial that, after the

6

three-tire, gray truck came to a stop, he saw appellant exit the truck from the driver's side, walk over to a tree, and saw police arrest that same person as the driver of the truck. Deputy Graham also testified that he found the keys for the gray pickup truck on appellant's person. Finally, there was trial evidence that appellant was the registered owner of the truck. With this direct and circumstantial evidence, the jury could have rationally concluded that appellant was the driver of the truck. *E.g.*, *Duenez v. State*, 735 S.W.2d 563, 566 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (witness testimony that appellant exited the driver's side door within seconds after van came to a stop was sufficient evidence to support jury's finding that appellant operated vehicle); *Hernandez v. State*, 13 S.W.3d 78, 80–81 (Tex. App.—Texarkana 2000, no pet.) (witnesses' testimony that appellant was walking along driver's side of truck belonging to him immediately after an accident was sufficient evidence to support finding that appellant operated vehicle, despite lack of testimony by anyone who had seen appellant behind the wheel of the truck).

We overrule appellant's first issue.

## MOTION TO SUPPRESS

In his second issue, appellant argues the trial court erred by denying his motion to suppress on the basis that an in-court identification of him was tainted by an impermissibly suggestive pretrial identification procedure. Specifically, appellant's counsel argued in support of the motion to suppress that Robinette's

7

identification process "amounted to a one-on-one lineup" that allegedly "tainted the entire process" and, thus, he requested that the trial court suppress Robinette's in-court identification. The trial court denied the motion.

## A.     Standard of Review

Typically, we review a trial court's factual determinations on a motion to suppress for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We review de novo, however, the trial court's ruling on whether the suggestiveness of a pre-trial identification procedure influenced an in-court identification. *Gamboa v. State*, 296 S.W.3d 574, 581 (Tex. Crim. App. 2009). Even if a pretrial identification is found to be impermissibly suggestive, "identification testimony [is] nevertheless . . . admissible where the totality of the circumstances shows no substantial likelihood of misidentification." *Adams v. State*, 397 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ibarra v. State*, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999)).

## B.     Analysis

Robinette testified at the suppression hearing that he was sitting on his back porch when he heard a grinding sound. He looked a saw a truck driving down the adjoining road. The truck was missing one tire and the rim of the wheel scraping against the road as the truck moved caused the sound he heard. The truck came to a stop under a light near Robinette. He saw one person jump out of the truck from the

passenger side and run off. He saw another person get out of the truck from the driver's side and slowly hobble to a nearby tree, where the person remained.

The first officer on the scene was Officer Soto. Robinette waved at Officer Soto and identified the truck and the driver to him. Appellant was the person located under the tree. Robinette testified that, after Officer Soto arrested appellant, Officer Soto had Robinette confirm that appellant was the person that Robinette saw exit the driver's side of the truck. Robinette confirmed this. Robinette testified that it was at this point that he was close enough to appellant to discern appellant's physical appearance with any level of detail. Robinette also confirmed that he approached Deputy Soto with an identification of appellant, and that he was not shown a lineup to pick him out and no officer suggested to him that appellant was the driver. Robinette observed the arrest and "got a good view" of appellant. He testified that he had no doubt that appellant was the driver.

Appellant argued in his motion to suppress, and argues on appeal here, that Officer Soto's request for Robinette to confirm that appellant was the person Robinette saw leaving the driver's side of the truck was impermissibly suggestive and tainted Robinette's in-trial identification of appellant as the driver. The authority appellant relies upon, however, is inapposite.

Determining whether an in-court identification of a defendant is inadmissible due to an impermissibly suggestive pre-trial identification procedure depends on (1)

9

whether the pre-trial identification procedure was impermissibly suggestive and (2) whether the procedure gave rise to a very substantial likelihood of irreparable misidentification. *Santiago v. State*, 425 S.W.3d 437, 440 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The cases applying this test, however, involve situations in which a witness sees the alleged perpetrator, the perpetrator leaves the scene, the witness describes the perpetrator to the police, and the police show the witness one or more persons (or images of persons) who match either the description provided by the witness or information developed in the investigation. *See, e.g.*, *Gamboa*, 296 S.W.3d at 581–82; *Santiago*, 425 S.W.3d at 440–41; *Mendoza v. State*, 443 S.W.3d 360, 364 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Here, instead of the police identifying possible drivers to Robinette, Robinette identified the driver to police. The evidence presented at the motion to suppress indicates that Robinette saw appellant exit the driver's side of the car and then remain under the tree until Officer Soto arrived. The dash-cam video from Officer Soto's patrol car showed Robinette standing within view of appellant. Robinette himself testified that he did not leave the scene, and neither did appellant.

Because Officer Soto did not make any suggestions to Robinette, there can be no basis for an improper suggestion. Nor do we find any indication that is was suggestive for Officer Soto to later ask Robinette to confirm that the person that Officer Soto took into custody was the same person that appellant saw leave the

truck.  Even in situations in which the perpetrator has fled the scene, courts have approved in-person identifications of a single suspect caught shortly after in a nearby location.  *Mendoza*, 443 S.W.3d at 363–64.  Here, appellant did not leave the scene where Robinette saw him.  Given the continuity of Robinette's observation of appellant, we hold nothing in the identification process was impermissibly suggestive.

We overrule appellant's second issue.

## CONCLUSION

We affirm the judgment of the trial court.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).